# McCall *v.* Mash.

*Bill in Equity by Assignee, to set aside Sale under Mortgage, and for Redemption and Account.*

1. *Purchase by mortgagee at sale under power; who may disaffirm and redeem.*—If a mortgagee becomes the purchaser at his own sale under a power in the mortgage, without the consent of the mortgagor, the latter may disaffirm the sale within a seasonable time, and claim a redemption and account; but, not having exercised this right himself, he can not assign or convey it to another person, so as to authorize the assignee to disaffirm and redeem.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed, on what day the record does not show (except by a recital in the decree that it was filed "in October, 1888"), by Laura A McCall, against Nathan Mash and others; and sought to set aside a sale of certain lands under a mortgage, at which said Mash, the mortgagee, became himself the purchaser, and for an account and redemption. The mortgage was executed by S. P. McCall and his wife; was dated the 8th May, 1886, and given to secure the payment of a note for $333.33, which was due and payable on the 8th February, 1887; and it contained a power of sale on default, but did not authorize the mortgagee to become the purchaser at the sale. The bill did not allege when the sale under the mortgage was made, but the chancellor, in his decree, considered it as having been made "about the 1st March, 1887, or a few days sooner." The bill further alleged that, "before the commencement of this suit," S. P. McCall and his wife sold, transferred and conveyed to the complainant all their right and interest in the mortgaged lands, its rents, issues and profits; but, the date of this transfer not being specified, the chancellor regarded it as made after the sale under the power in the mortgage; and, so construing the bill, he sustained a de-

murrer to it, on the ground that the mortgagor, not having disaffirmed the sale, could not transfer that right to the complainant,. and he therefore dismissed the bill. The chancellor's decree is assigned as error.

RICHARDSON & STEINER, for the appellant, cited *Paulling v. Barron, Meade & Co.*, 32 Ala. 9; *Powers v. Andrews*, 84 Ala. 291; *Thomas v. Jones*, 84 Ala. 302; *Downs v. Hopkins*, 65 Ala. 510; *Harris v. Miller*, 71 Ala. 33; *Cramer v. Watson*, 73 Ala. 131; *Butts v. Broughton*, 72 Ala. 294; 2 Jac. & W. 179; 9 Paige, 517; 2 Pom. Equity, 481-2; 2 Jones on Mortgages, § 106; *McHan v. Ordway*, 76 Ala. 347; 2 Story's Equity, § 1023; Adams' Equity, 260-61.

ED. CRENSHAW, GAMBLE & POWELL, and STALLINGS & WILKINSON, *contra*, cited *Com. R. E. Asso. v. Parker*, 84 Ala. 298; *Thomas v. Jones*, 84 Ala. 302; *Aiken v. Bridgeford*, 84 Ala. 295; *Bailey v. Timberlake*, 74 Ala. 221; *Boutwell v. Steiner*, 84 Ala. 307; *Parmer v. Parmer*, 74 Ala. 285; *Childress v. Monette*, 54 Ala. 317; *Gardner v. Lanford*, 86 Ala. 508; *Crenshaw v. Carpenter*, 69 Ala. 572.

CLOPTON, J.—While the equity of redemption constitutes the beneficial estate of the mortgagor in the land subject to the incumbrance, and, being regarded a valuable right and property, may be conveyed in the same manner as the land itself, clothing the grantee with the right to discharge the incumbrance, so that the estate may be rendered valuable and beneficial; yet, in order to be the proper subject of conveyance, it must be a subsisting estate and interest, and the right of redemption must be exercised while the mortgage is redeemable, before a foreclosure by decree of the court, or by sale under power contained therein. A seeming, but not real, exception to this general rule is, where the mortgagee purchases at his own sale, without the consent of the mortgagor. In such case, the mortgagor, or persons claiming under him in privity, may disaffirm the sale and redeem, the election to do so being seasonably expressed.—*Thomas v. Jones*, 84 Ala. 302; *Downs v. Hopkins*, 65 Ala. 508.

Under a power of sale contained in a mortgage executed by S. P. McCall, in May, 1886, to Nathan Mash, the mortgagee sold the lands conveyed thereby, and became the purchaser at the sale. After the sale, and without taking any steps to disaffirm it, the mortgagor sold and conveyed the

[McCall v. Mash.]

lands to appellant, who thereupon filed the bill to vacate the sale, and to be let in to redeem, and for an account of the rents and profits. In the absence of fraud, a foreclosure by a sale under a power conferred by the mortgage, as effectually cuts off the equity of redemption, as a decree of strict foreclosure in a court of equity would do.—*Childress v. Monette*, 54 Ala. 317. If a mortgagee purchases at his own sale, it is binding on him, and his only right or remedy is to apply in equity, if the mortgagor does not come in to avoid it, to clear his title of doubt and uncertainty, by a confirmation of the sale, or a resale under a decree of the court, as may appear equitable. The mortgagee acquires the beneficial interest of the mortgagor, subject to be defeated by his election to avoid the sale, expressed in a proper proceeding, and in due time. As to the mortgagor, the sale is not absolutely void, but merely voidable; and it is valid for all the purposes intended, until the mortgagor, or some one claiming under him, whose existing rights are injuriously affected thereby, does some act legally sufficient to render it void. So long as there is no disaffirmance, the equity of redemption is as effectually cut off, as if a stranger were the purchaser. If no proceedings are taken by the mortgagor, or any one claiming under him, to become reinvested with his equity of redemption, and to restore it to its original *status*, within a reasonable time, no further act is required to give validity to the sale; it has full force and effect from the time when made, and establishes all the rights incident to a valid foreclosure. The equity of redemption being cut off, some proceeding to which the mortgagee is a party is essential to restore it to the state and condition in which it was prior to the sale. Until the disaffirmance, the mortgagor has no subsisting estate, which he can convey. There remains in him only a naked right or privilege to disaffirm, and become reinvested with his beneficial interest, for the purpose of redemption.

At law, the sale, if it has been regular and without fraud, is valid, the mortgagee being regarded as clothed with the legal estate. The sale can be disaffirmed only in a court of equity. That which remains in the mortgagor, therefore, lies in action, a mere right to sue. A right which exists only in action is incapable of assignment and conveyance, so as to authorize the assignee to sue in his own name. The complainant took no estate in the lands by the conveyance

of the mortgagor, and did not acquire a right to disaffirm the sale in order to redeem.—*Bernstein v. Humes*, 60 Ala. 582; *Croker v. Bellingee*, 6 Wis. 645.

Affirmed.