# Speakman *v.* Burleson.

*Bill to compel Conveyance of Land.*

1. *Decree confirming report of register; when reversed.*—Where certain matters in a chancery suit, including an inquiry as to the amount due of the purchase money of land, are referred to the register and his report thereon is confirmed by the court, and it can not be affirmed, on appeal, that the conclusion and report of the register as to the balance of unpaid purchase money are plainly and palpably incorrect and erroneous, the decree must be affirmed; since only such conclusion would justify a reversal of the decree confirming the report.

APPEAL from Morgan Chancery Court.

Heard before the Hon. JOHN C. EYSTER, Special Chancellor.

The appeal in this case was prosecuted by the complainant in the original bill, from a decree rendered by the chancellor, on the submission of the cause on the pleadings and proof. The facts of the case are sufficiently stated in the opinion.

ARTHUR L. BROWN, for appellant.

E. W. GODBEY, contra.

McCLELLAN, C. J.—Speakman is complainant in this bill, against Burleson and wife. He alleges that he purchased October 26, 1891, a tract of land from Burleson for $800, $200 of which was paid at the time and $600 was to be paid in six equal annual installments thereafter, and for the deferred payments he executed six promissory notes. Burleson and wife executed to him a bond for title on full payment of purchase money. He avers further that he has paid all of said purchase money, but that as there was dispute as to this, he tendered Burleson $97.85 in May, 1896, as certainly covering any balance that might be due, and at the same time presented to him a proper deed for execution by himself and wife; that Burleson then asserted that the tender was insufficient and declined it and refused to execute conveyance, claiming that there was a balance of between three and four hundred dollars unpaid. Thereupon Speakman filed this bill, alleging said tender and its sufficiency, and attempting to allege that it had been kept good, offering to pay any balance that might be found due, and praying a specific performance of the contract to convey, etc., etc. Burleson and wife answered the bill, denying that the purchase money had been paid in full, that the alleged tender was sufficient in amount or had been kept good, and alleging that there was a balance of $500 due on the purchase money account, etc. etc.; and they made their answer a cross-bill, alleged they, or D. A. Burleson, had a vendor's lien on the land for such balance, and prayed that the land be sold for its satisfaction, etc., etc. The bill was several times amended, and so was the answer and cross-bill; and upon averments of Speakman's insolvency and the inadequacy

[Speakman v. Burleson.]

of the security, there were efforts on the part of Burleson to get possession of the land, petition for injunction on the part of Speakman, which was granted, the injunction issued and afterwards dissolved, and petition for receiver on part of Burleson, which was also granted, and a receiver appointed, but it does not appear what he did, or that he did anything. By averments upon one side and the other another transaction between Speakman and Burleson was brought into the case. This was a lease by Speakman from Burleson, of even date with the sale in question, of another tract of land for the term of five years. This lease stipulated for a rental of $100 for each of the first three years and $125 for each of the last two, for sundry improvements to be made by Speakman mostly at his own expense, but some at the cost of Burleson, for his clearing certain of the leased land for which he was to be allowed four dollars per acre, and for his leaving the place at the end of the lease in a state of good repair etc., etc.; and among the issues in the case were several growing out of these covenants and claims for damages for their alleged breach; and Speakman claimed that he had been misled by Burleson as to the amount of tillable land in the tract and sought to recoup damages therefor, etc., etc. It was also brought out by the pleadings that Speakman carried on a mercantile business while both these land transactions were *in fieri* and pending, so to speak, that he sold groceries to Burleson throughout several of the years the price of which was to go indifferently upon the rent he owed for one place and the purchase money he owed for the other, and he also claims to have made a good many cash payments in the premises. Speakman undertook to keep an account of the debits and credits between him and Burleson, and he exhibits to his deposition what was intended to be a transcript from his books. The books themselves are before us. They are not books of original entries, but what he calls "ledgers." They are illy kept for the most part in pencil, and in respect of Burleson's account show a number of erasures, interlineations, over-writings, etc., etc. and Burleson's account of them does not in all respects tally with the account exhibited to the de-

position as a transcript from them. Moreover, Speakman furnished Burleson itemized statements of his account before this litigation begun, and there are many discrepancies between these statements and the books. There are also many discrepancies and contradictions in Speakman's testimony about the items of the account, and he fails to satisfactorily account for the differences that appear between the books and the exhibits which purport to be transcribed from them. Another issue in the case was whether Burleson fraudulently induced Speakman to sign purchase money notes stipulating for interest, when, as the latter claims, the deferred payments were not to bear interest; and upon this issue the absence of Speakman's "specs" and his enforced reliance upon Burleson's reading of the papers cuts a figure. Then, too, it is claimed by Speakman that Burleson also under like circumstances misread the lease, and thereby fraudulently induced him to sign a paper which contained several stipulations to which he never agreed, and also that Burleson vitiated the lease in question by a material alteration after its execution, etc., etc. This is an imperfect outline of the case sufficient to indicate the main issues involved. Upon all this being presented to the special chancellor, he referred the whole conglomeration to a special master to take and state the account between the parties showing what, if any, amount remained due and unpaid on the land purchase, directing him to take the rental contract and all the issues arising upon it into consideration, etc., etc. The register in executing the reference took the itemized statements of account furnished by Speakman to Burleson as a basis, these statements covering most of the period of the dealings between the parties, and proceeding to examine the evidence as to other matters of account between them, going over the whole of the two land transactions reached the conclusion that there was a balance of purchase money of $409.43 due and unpaid, and so reported to the court. To the action of the register in disallowing several items of Speakman's account there were no exceptions. To his report in many other respects there were exceptions by Speakman. In support of these in a number of instances there was reference only to certain pages

[Speakman v. Burleson.]

of original depositions on file in the cause and considered on the reference. The chancellor overruled the exceptions, confirmed the report, and decreed a sale of the land to pay the balance of purchase money, if such balance should not be paid by a short day named. As the original paging of the depositions is not preserved in the transcript before us, it is impracticable for us to know what particular evidence is relied on to support the exceptions and demonstrate the chancellor's error in overruling them. It may be that we could rest our conclusion in the premises upon that consideration alone. We have, however, carefully read and considered all the evidence in the record, all of which and no other was before the register at reference. From it we can by no means affirm that the conclusion and report of the register as to the balance of unpaid purchase money is plainly and palpably incorrect and erroneous; and only such conclusion would justify us in reversing the decree confirming the report.—*Kinsey v. Kinsey,* 37 Ala. 393; *Mahone v. Williams,* 39 Ala. 202; *Lehman v. Levy,* 69 Ala. 48; *Winter v. Banks,* 72 Ala. 409; *Glover v. Hembree,* 82 Ala. 324; *Anniston Loan & Trust Co. v. Ward & Co.,* 108 Ala. 85; *Jones v. White,* 112 Ala. 449; *Warren et al. v. Lawson,* 117 Ala. 339.

On the idea that the questions whether Speakman was fraudulently induced to sign the purchase money notes and the lease upon alleged false readings of these papers by Burleson, were for the chancellor, we will say further that the evidence fails to support the averments of Speakman's pleadings in respect of these matters.

The decree of the chancery court must be affirmed.