# Douthit *v*. Nabors, *et al.*

### *Petition for Intervention.*

1. *Petition for intervention; right to maintain same can be waived.*—Although a person who is not a party to a pending suit in equity has originally no right to intervene in said cause for any purpose, yet the parties to that cause can waive their objections to such intervention, and when this is done, the equity set up by the intervenor can be litigated and determined as a part of the suit already pending.

2. *Same; same; case at bar.*—Where a person who is not a party to a pending suit files a petition for intervention and complainant in the original bill answers said petition admitting all of its averments and the respondent to the original bill answers said petition and incorporated in his answer a demurrer which did not challenge the petitioner's right to come into the case, and some months later said respondent moves to dismiss the petition, but not on the ground that the petitioner had no right to file it in said cause, and such demurrer and motion are passed upon, such acts constitute a waiver by the parties to the original suit of any objection to the petitioner's right to intervene therein; and where, after such rulings are made for more than a year after the intervention is filed, the defendant in the pending suit moves to strike the petition for the intervention from the file upon the ground that he has no right to intervene, such motion comes too late.

3. *Right of redemption; junior mortgagee.*—A prior mortgagee in attempting a foreclosure of a mortgage under the power of sale contained therein, purchased at said sale without authority being given him in the mortgage to so purchase. The junior mortgagee within two weeks after said unauthorized purchase disaffirmed said sale and tendered to the prior

mortgagee the amount paid by him, together with interest and all lawful charges and asked to be allowed to redeem. This tender was refused and the prior mortgagee declined to allow the junior mortgagee to redeem. *Held*: Such facts present a case of seasonable disaffirmance of the sale and purchase by the prior mortgagee, and entitles the junior mortgagee to redeem the property conveyed in the mortgage.

APPEAL from the Chancery Court of Bibb.

Heard before the Hon. THOS. H. SMITH.

On June 1, 1897, Sarah E. Nabors, as administratrix and E. S. Lyman, as administrator, of the estate of French Nabors, deceased, filed an original bill in the chancery court of Bibb county, against Charles F. Douthit. It was averred in this bill that on April 21, 1890, Mrs. Amelia Hoskins and John Erharker, executed a mortgage upon certain property to Charles F. Douthit to secure the payment of certain promissory notes; that on June 9, 1891, after the execution of said mortgage, the said Amelia Hoskins and John Erharker conveyed the land included in said mortgage to French Nabors, which property was conveyed subject to said mortgage; that on February 8, 1896, under the power contained in said mortgage, the said Charles F. Douthit sold the property conveyed in said mortgage and became the purchaser thereof, but that no power was given to said Douthit as mortgagee to purchase at his own sale. It was then averred that after the death of said French Nabors, the complainants, as his personal representatives, had disaffirmed said sale, and had offered to pay to said Douthit the amount which he had paid, together with interest and all other lawful charges, but that said Douthit had refused to accept said amount so tendered and declined to allow the complainants to redeem said property.

The prayer of the bill was that the complainants be allowed to redeem and that pending said suit a receiver be appointed of the property conveyed in the mortgage.

On March 9, 1898, Frank Nelson, Jr., filed his petition in the chancery court of Shelby county, asking to be allowed to intervene in said cause then pending. It was averred in said petition in addition to

the facts averred in the original bill, that after the mortgage was executed by Amelia Hoskins and John Erharker to Charles F. Douthit, and after Amelia Hoskins and John Erharker transferred the property included in the mortgage to French Nabors, the said French Nabors and his wife, on November 29, 1893, executed to petitioner, Frank Nelson, Jr., a mortgage on said property to secure an indebtedness due from said French Nabors to the petitioner. It was then averred in said petition that the petitioner, Frank Nelson, Jr., had disaffirmed the sale made by Douthit under the mortgage executed to him and had tendered to said Douthit the amount paid by him on said mortgage indebtedness, together with interest and all lawful charges, but that said Douthit had refused to accept said amount, and had refused to permit the petitioner to redeem said property.

The prayer of the petition was that the said Frank Nelson, Jr., be made a party to said suit and that upon the final hearing of the cause a decree be rendered declaring the sale made by said Douthit null and void so far as the petitioner was concerned, that the amount due said Douthit upon the mortgage debt be ascertained, and that upon the petitioner, as junior mortgagee, paying the amount so ascertained to said Douthit, he be permitted to redeem said property from under said mortgage. The other facts of the case are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof, the chancellor rendered a decree granting the relief prayed for by Frank Nelson, Jr., in his petition, effectuating Nelson's equity of redemption.

The respondent Douthit prosecutes the present appeal, and assigns as error the decree of the chancellor overruling his motion to strike the petition of Frank Nelson for intervention from the file, and also the final decree granting the relief prayed by the petitioner.

LOGAN & VANDEGRAAF and A. LATADY, for appellant, cited *McCall v. Most*, 89 Ala. 487; *Powers v. Andrews*, 84 Ala. 289; *Seals v. Phieffer*, 77 Ala. 278; *Vick v. Beverly*, 112 Ala. 458; *Beatty v. Brown*, 101 Ala. 695; *Leh-*

*man v. Moore,* 93 Ala. 186; *Beebe v. Buxton,* 99 Ala. 117; *Brewer v. Hollinger,* 88 Ala. 405; *Paulling v. Meade,* 23 Ala. 505; *Carlin v. Jones,* 55 Ala. 674; *Ex parte Printup,* 87 Ala. 148; *Renfro Bros. v .Goetter,* 78 Ala. 311; *Ward v. Ward,* 95 Ala. 311.

W. S. CARY, BROWN & LEEPER and KNOX, BOWIE & BLACKMON, *contra.*—No formal order making parties or allowing an intervention to be filed is necessary. Where the intervenor comes in and is treated as a party he has all the rights as one who has been regularly and properly made a party.—*French v. Lapen,* 105 U. S. 509, 524; *Ex parte Cutting,* 94 U. S. 14; *Mayers v. Fenn,* 5 Wall. 205; *Ware v. Curry,* 67 Ala. 274; *Robinson v. Robinson,* 44 Ala. 227; *Seggett v. Bennett,* 48 Ala. 380; *Norwood v. M. & C. R. R. Co.,* 75 Ala. 563; *Herman v. Pfister,* 2 La. 456; *Donner v. Palmer,* 51 Cal. 629; 16 Am. Dec. 181.

McCLELLAN, C. J.—The pleading of Frank Nelson whereby he sought to intervene and be made a party to the pending suit of the personal representatives of French Nabors, deceased, against Charles F. Douthit is indifferently called a "petition" and a "bill" in the case. It is of little moment whether it was the one or the other, since, whether it was a bill or a petition, we shall assume for the purposes of this appeal that Nelson had originally no right to file it in the cause mentioned and had no right to intervene in that cause for any purpose. Yet the parties to that cause had the right and power to waive their objections to his thus coming into the case, to admit and receive him as a party to it and to litigate the equity set up in his bill and to have it determined in and as a part of the suit already pending. And this they unquestionably did. The complainants in the original bill upon the filing of this bill or petition by Nelson at once answered it, admitting all its averments. And Douthit, the respondent to the original bill, soon afterwards also answered it, incorporating in his answer a demurrer which did not challenge Nelson's right to thus come into the case, but to the contrary assumed the right on his part to have the case

[Douthit v. Nabors, *et al.*]

made by his petition entertained and determined in this litigation and challenged the suffieicncy of his petition to present his alleged abstract equity. And some months later Douthit moved to dismiss Nelson's bill or petition, not because he had no right to file it in the cause, but on the ground that its averments made no case for the equitable relief he sought. This motion was made on September 8th, 1898. On that day there was a submission upon it and on Douthit's demurrer to the petition for intervention, and both the motion and the demurrer were overruled. Some months after this, viz., on March 9th, 1899, after Nelson had been recognized as a party to the cause in the way we have indicated for a year, and after the evidence had all been taken, and when the cause was ready for submission for final decree upon the alleged rights of said Nelson set up in his petition or bill for intervention, the respondent Douthit for the first time objected to Nelson's coming into, or rather, being in the cause as a party, and filed a motion "to strike the petition of the said Frank Nelson for the intervention from the the file for the reason that if he has any rights as stated in said petition, he can only assert them by independent bill and not by petition as he undertakes in this case, and because there is no fund in this cause being administered by the court in which the said petitioner is interested." In or opinion this motion came too late, and the chancery court properly proceeded to the adjudication of Nelson's rights just as if he had propounded them in the original bill.—*Gibson v. Trowbridge Furniture Co.*, 96 Ala. 357; *Smith v. Alexander*, 87 Ala. 387.

This petition or bill exhibited by Nelson showed that he held the equity of redemption in the property mortgaged by Erharker *et al.* to Douthit, that Douthit in attempting a foreclosure of that mortgage had purchased at the sale under the power therein contained, that said Douthit had no authority to purchase at said sale, that, of consequence Nelson had a right to disaffirm said transaction at any time within two years, and thereupon to treat the mortgage to Douthit as still subsisting and to redeem the land by paying the mortgage debt, etc. That within two years after the said sale

Nelson did disaffirm said attempted foreclosure and made a tender to Douthit of the sum necessary for redemption, that the tender was not accepted, that the petitioner has ever since been ready to pay off the mortgage, etc., etc., and the petitioner offers now to pay it off, and to do equity, etc., etc. These facts presented a case of seasonable disaffirmance of the sale and purchase by Douthit, the declaration of disaffirmance accompanied by a tender for redemption having been made within two years from the sale; and for a decree of redemption by the chancery court.—*Ezzell v. Watson*, 83 Ala. 120, 123; and the demurrer and motion to dismiss interposed by the respondent Douthit were properly overruled.

The case thus made for Nelson was supported by the evidence. It is made to clearly appear that he seasonably announced to Douthit his election to disaffirm the sale and purchase by the latter and to redeem from the mortgage held by him, and that this declaration was accompanied by what was in legal effect a tender of the amount of money due to Douthit and claimed by him under the mortgage. Douthit denied his right to redeem and declined to accept the tender. His right to redeem at that time as junior mortgagee was undoubted. On this state of averment and proof, the chancery court was entirely justified in the decree rendered, effectuating Nelson's equity of redemption.

The evidence relied on before the chancellor to support the exception of respondent to the register's report was noted in the exception by reference to certain pages of the written testimony then before the court. The paging thus used in reference is not preserved in the transcript before us; and it is not practicable for us to review the conclusion of the chancellor since we are not certainly advised as to the evidence upon which his conclusion was reached. Taking the statement made in the exception as indicating what the evidence was, we are not prepared to say that the report of the register is plainly and palpably erroneous.—*Speakman v. Burleson*, 123 Ala. 678, 682.

The decree of the chancery court must be affirmed.

[First National Bank v. Tyson.]

SHARPE, J., *dissenting.*—As I understand the doctrine announced in *Harris v. Miller,* 71 Ala. 26; *Cooper v. Hornsby, Ib.* 62; *Thomas v. Jones,* 84 Ala. 302; *McCall v. Mash,* 89 Ala. 487, and kindred cases, the disaffirmance treated of in the majority opinion can be made only through a court of chancery and *laches* will be imputed to him who seeks to avoid the sale if he thereafter waits longer than two years to sue. The sale binds the purchasing mortgagee, entitles him to possession and extinguishes the debt to the amount of his bid. It cuts off the equity of redemption and at law leaves its owner only the statutory right to redeem.—*Childress v. Monette,* 54 Ala. 317, and authorities *supra.* His right to disaffirm springs from a doctrine recognized and applied alone in courts of equity which hold the power to sell as a trust, and an authorized purchase by the trustee at his own sale as presumptively unfair and a fraud on the rights of the mortgagor. In my opinion there is no principle, either legal or equitable, which empowers the mortgagor or his vendee by his mere personal election and tender, to revive, and continue indefinitely the equity of redemption. Therefore, I do not concur in this decision.

DOWDELL, J., concurs in the dissenting opinion.