# Pitts, *et al. v.* American F. L. Mtg. Co. of London L't'd.

## *Bill to Set Aside Foreclosure Sale and to Redeem.*

(Decided June 30, 1908.   47 South. 242.)

1. *Mortgages; Foreclosure; Disaffirmance; Redemption.*—The unauthorized purchase by the mortgagee renders a foreclosure sale voidable and subject to be disaffirmed and redemption perfected if the right is seasonably asserted.

2. *Same.*—Where a husband and wife executed a mortgage on 680 acres of land and subsequently the husband executed a warranty deed to the wife, conveying 200 acres of the land to the wife, and the mortgagees foreclosed the mortgage on the entire tract and became the purchasers and went into possession, but the mortgage did not authorize the purchase by the mortgagee, and the mortgaging husband did not assert his right to disaffirm and redeem, and the wife died leaving minor heirs, the failure of the husband to disaffirm and redeem resulted in clothing the mortgagee with an indefeasible title to 480 acres of the land, and to an indefeasible title to the life estate of the husband in the 200 acres as against the minor heirs.

3. *Same; Time to Redeem.*—Two years from the date of sale under mortgage foreclosure is the limit under which those sui juris may elect to disaffirm or redeem from a voidable sale, and a like period is granted to those under disability after the disability is removed, but in no case can a disaffirmance be had after twenty years.

4. *Same; Disaffirmance; Effect.*—The effect of a proper disaffirmance of a mortgage foreclosure sale is to restore the status existing before the foreclosure and to re-invest the mortgagor with his equity of redemption.

[Pitts, et al. v. American F. L. Mtg. Co. of London, Ltd.]

5. *Same; Right to Disaffirm; Nature.*—The right to disaffirm is a mere right to sue and is not an interest in the land but a product of the trust relation under which the purchasing mortgagee performs the duty raised by the mortgage with regard to the interest of his cestiui que trust, although the right to disaffifirm arises out of the right to redeem.

6. *Same; Time.*—The right to disaffirm a mortgage foreclosure sale accrues to one having a property right affected by the foreclosure immediately on the sale, and if the election to avoid the sale is not made within the requisite period, it is lost.

7. *Same; Bill to Redeem; Time.*—Where foreclosure sale was effected in 1892, of the entire tract in 200 acres of which the mortgaging husband held a life estate and the bill was filed by the minor heirs, as remaindermen to redeem in 1898, and the husband died in 1901, the bill was properly and seasonably filed.

8. *Same.*—The remaindermen's enjoyment, postponed until the termination of the life estate, is not quickened although a disaffirmance of the mortgage foreclosure sale and redemption by the remaindermen to the extent of his interest in the mortgaged premises is accomplishd.

9. *Same; Amount Required to Redeem.*—Where the mortgage was upon 680 acres, 200 acres of which belonged to the wife who died leaving minor heirs and the mortgage was foreclosed on the entire tract and the mortgagee became the purchaser and went into possession of the entire tract, on a bill by the minor heirs to redeem the 200 acres belonging to the wife, the method to ascertain the amount required to redeem is as follows. The value of the 480 acres must be deemed a payment pro tanto of the mortgage debt (principal, interest, fees and cost of foreclosure), to which must be added the value of the life estate of the husband in the 200 acres; the mortgagees are not chargeable with rent of the 200 acres during the life of the husband, nor are the redeeming heirs chargeable with the interest on the balance of the mortgage debt during the life of the life tenant; but after the death of the life tenant the mortgagee is chargeable with the rent on the 200 acres, and the redeeming heirs chargeable with the interest on the balance of the mortgage debt and the taxes.

APPEAL from Shelby Chancery Court.

Heard before Hon. R. D. KELLY.

Bill by Walter C. Pitts and other, against the American Freehold land Mortgage Company of London Limited, to set aside a foreclosure sale and to redeem. From a decree granting complainant's insufficient relief, they appeal. Reversed and remanded.

JAMES E. WEBB, and W. F. THETFORD, JR., for appellant. Appellants have the right to set aside the sale as

to the 200 acres because the mortgagees purchased at the sale without authority to do so.—*Pitts v. Mortgage Co.,* 123 Ala. 469; *Lovelace v. Hutchinson,* 106 Ala. 416; *Alexander v. Hill,* 88 Ala. 487. The court properly credited the mortgage debt with the value of the 480 acres of land not included in the deed to Mary L. Pitts.—*George v. Wood,* 11 Allen 41; *Dooley v. Potter,* 140 Mass. 59; *Boquet v. Cogburn,* 27 Barb. 230; 2 Jones on Mortgages 1074. It should also have been credited with the value of the life estate in the 200 acres and no interest should have been charged on the mortgage debt until after the death of the life tenant. The complainants had the right to redeem both the life estate and the remainder in the 200 acres and to charge the purchasing mortgagee with all the rents and profits received by it from the 200 acres.— *Jones v. Matkin,* 118 Ala. 348; 2 Jones on Mortgages, 1055; 3 Pom. Eq. Jur. 1220; 2 Story's Eq. 1023; *Hubbard v. A. M. Dam. Co.,* 20 Ver. 402; *McArthur v. Franklin,* 16 Ohio St. 202; *Omar v. Boyer,* 89 Ala. 273; *McGough v. Sweetser,* 97 Ala. 361; *McQueen v. Whetstone,* 127 Ala. 417; *Houser v. Cruikshanks,* 122 Ala. 256; *Butts v. Broughton,* 72 Ala. 294. Appellants are not barred in their right to redeem the remainder.—Authorities supra.

KNOX, ACKER & BLACKMON, for appellee. No brief came to the Reporter.

McCLELLAN, J.—This is the second appeal in this cause, and, since the important facts involved are set forth in the report on the former appeal, we will not repeat them.—*Pitts v. Morgage Co.,* 123 Ala. 469, 26 South. 286. The foreclosure of the mortgage, in conformity to the power therein conferred, by a sale of the 680 acres described in the instrument, operated to effect-

ually cut off the equity of redemption, by whomsoever held at the date of the sale, subject to the seasonably asserted right to disaffirm (and to redeem) the sale, rendered voidable by the unauthorized purchase thereat by the mortgagee.

It was formerly and correctly ruled that, as to the 480 acres, since John W. Pitts did not seasonably assert his right to disaffirm and redeem, the purchasing mortgagee took such title therein as that complainants, who had no interest in the 480 acres, had no right, against the election of the mortgagee to retain that tract, to defeat or divest. This being true, no reason has or can be given why, by the same token, the purchasing mortgagee did not take a like title in and to the life estate held by John W. Pitts, at the time of foreclosure, in the equity of redemption in the 200 acres, in which complainants, as heirs at law of their deceased mother, possessed the remainded. This life estate, held by Mr. Pitts, was just as separate and separable, and just as free from control of the remaindermen in respect of disposition or con veyance by him, as the title or right possessed by Mr. Pitts in and to the 480 acres; and Mr. Pitts failure to seasonably disaffirm and to redeem this life estate resulted, unless the mortgagee otherwise elected, in clothing it with an indefeasible title thereto against these complainants.

The complainants having the right to redeem to the extent of their remainder interest in the equity of redemption in the 200 acres, as was decided before, the respondent takes the point, and stresses it, that this right in the remaindermen cannot be appropriately exercised until the falling in of the life estate. The bill was filed August 18, 1898, and the foreclosure sale was effected March 22, 1892. We do not think respondent's contention can be sustained. It has been long settled here

that in ordinary cases 2 years from the date of sale is the limit for those sui juris to elect to disaffirm and to redeem from a voidable foreclosure sale, and that a like period fixes the limit for those under disability, from the removal thereof, to manifest their election to disaffirm and to rendeem; but in no case may such disaffirmance and redemption be had after 20 years. It is obvious that if respondent's insistence is sustained the extreme and inexorable limitation of 20 years would yield to exception, and the general policy of the law to give repose to land titles would be seriously qualified. But, aside- from this consideration, the nature, purpose, and effect of disaffirmance of a voidable foreclosure sale also refutes respondent's contention.

The result of a warrantable disaffirmance of such a sale is to restore the status existing before foreclosure and to reinvest the disaffirmer, who must have a right injuriously effected by the foreclosure, with his equity to redeem, which, until disaffimance, is effectually cut off by the sale.—*Mc Call v. Marsh*, 89 Ala. 487, 7 South. 770, 18 Am. St. Rep. 145. While the right to disaffirm arises, and can only in such cases arise, out of the right to redeem, the former "lies in action—a mere right to sue. A right which exists only in action is incapable of assignment and conveyance, so as to authorize the assignee to sue in his own name." *McCall v. Marsh, Supra.* The right is hence, not an estate or interest in the land in which the proposed redemptioner had an estate or interest capable of being prejudiced by the foreclosure sale. Accordingly it is clear that the right to disaffirm does not partake of the nature of the estate or interest giving rise to it, but is the product of the trust relation under which the vending mortgagee performs the duty raised by the terms of the instrument of mortgagee with due regard to the interests of his cestuis que trust. It

was in recognition of this theory that this court in *Garland v. Watson*, 74 Ala. 323, held that a bill to disaffirm was without equity unless it bore, within well-understood principles, an offer to redeem from under the voidable sale.

Without pursuing the subject at greater length, we think there can be no doubt but that the time for disaffirmance accrues to one having a property right injuriously affected by the foreclosure immediately upon the sale, and unless the election to avoid the sale is made within the requisite period it is irrevocably lost. We are therefore of the opinion that complainants bill was properly and seasonably filed. But, of course, it does not follow that, though disaffirmance and redemption by a remainderman to the extent of his interest in the property is accomplished, the full enjoyment of the life estate by the owner thereof is thereby qualified. The foreclosure sale and effected disaffirmance and redemption by the remainderman will not quicken the postponed (until the termination of the life estate) enjoyment of the remainder by those thereunto entitled.

As we construe the decree of February 15, 1901, the lower court correctly determined the general equities and rights of the parties. However, the report of the register should not have been confirmed over the exceptions thereto in the respects pertinent to the proper method of ascertainment of the sum to be paid by the complainants in order that redemption of their remainder might be effected. The purchase by the respondent, on March 22, 1892, of the 480 acres, found by the register to be then of the value of $2,400, was a payment pro tanto of the mortgage debt, principal and interest and attorney's fees and costs of foreclosure, to March 22, 1892; and to said $2,400, as such payment, should be, upon reference, ascertained and added, as of March 22,

1892, the value of the life estate in the 200 acres. The respondent, being entitled to the use of the 200 acres during the life of Mr. Pitts, was not chargeable with the rent thereof on redemption of the remainder; nor is interest on the balance of the mortgage debt, as we have defined it, an element of charge against complainants on redemption, since it is the duty of the life tenant to keep down interest on the incumbrance, and to pay the taxes, and to account for waste suffered or committed up to the falling in of the life estate, which, in this case was April 22, 1901. Subsequently to that date rent against respondent is chargeable, and interest on the balance of the mortgage debt and the taxes are elements of charge against complainants, going in to constitute, in part, the total sum to be paid by them on redemption. It should be also ascertained, by reference, what portion of the attorney's fee and costs of foreclosure sale should be borne by the respondent, and what by the complainants coming to redeem their remainder; and the portion thereof to be paid by complainants should be in the proportion that the value of the remander sought to be redeemed bears to the combined values of the 480 acres and the life estate in the 200 acres.

The decree is affirmed in the respect it confirmed the report of the register in his ascertainment of the several values of the two tracts involved, and also in respect of the waste suffered or committed by the life teant (respondent); but the decree is reversed, as indicated, since it erroneously declares the aggregate sum to be paid by complainants to redeem the remainder in question. And it follows that the dismissal of the bill upon failure to effect the redemption by payment of the erroneous sum required is reversed. The general rules for the control of accountings on disaffirmance and redemption, between purchasing mortgagees and mortgagors, or their

[Baldwin, et al. v. Alexander, et al.]

privies in right, are too well settled and understood to necessitate their rehearsal here. The final decree is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.