# Canty *v.* Bixler, *et al.*

*Bill to Redeem from Mortgage.*

(Decided December 18, 1913. Rehearing denied February 12, 1914. 64 South. 583.)

1. *Mortgages; Foreclosure Under Power; Disaffirmance; Laches.*— Where a mortgagee purchases at his own foreclosure sale without authority the mortgagor and those claiming under him may disaffirm the sale, and such disaffirmance reinvests the equitable right of redemption, but such right of disaffirmance must be asserted within two years; such limitation being judicial and not statutory, and based

·upon the doctrine of laches, and not staleness of demand, the mortgagor being presumed to have waived the right and ratified the voidable sale if the right of disaffirmance is not exercised within two years.

2. *Same; Limitation.*—An heir of the mortgagor could not after two years disaffirm the sale and redeem, although a minor at the date of the iregular foreclosure; the mortgagor and the mother of the heir not having elected during their lives to disaffirm, although under no disability, as the case made is not such an extraordinary one as to render inapplicable the judicial limitation that such disaffirmance must be exercised within two years.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Ruth Canty against E. H. Bixler and others to redeem from mortgage foreclosure sale. Decree for respondents, and complainant appeals. Affirmed.

Columbus Canty executed a mortgage to one Barrett some years before the foreclosure sale, and Barrett transferred the mortgage to the State Land Company. Canty afterwards died, but just when does not appear. The State Land Company foreclosed the mortgage in June, 1909, having, prior to that time, bought at execution sale the interest of E. C. Canty in said land. After foreclosure sale, the State Land Company deeded the land to Bixler. It does not appear from the bill whether E. C. Canty or others ever offered or attempted any statutory redemption. The complainant, who was a granddaughter of Columbus Canty, was a minor at the time of the foreclosure, but at that time either the mortgagor or his daughter Lucy, mother of complainant, was alive, and no disability was attributed to either one of them. The bill was filed November 29, 1911.

RICH & HAMILTON, for appellant. The rule of two years within which to disaffirm does not apply in extraordinary cases or where the circumstances would make it inequitable to adopt such a rule.—*Randolph v. Vails*, 60 South 159; *Lovelace's Case*, 106 Ala. 417;

[Canty v. Bixler, et al.]

*Raney's Case,* 121 Ala. 191; *Amer. Mtg. Co. v. Pollard,* 127 Ala. 236; *Alexander v. Hill,* 88 Ala. 487. The two year anology is derived not from the statute of limitations but from the statutory period of redemption after valid foreclosure.—*Ezzel v. Watson,* 83 Ala. 120; *Alexander v. Hill, supra.* Even the statutory right of redemption is of limited analogy only.—*Newbern v. Black,* 82 Ala. 622; *Lovelace's Case, supra; Raney's Case, supra; Fitts v. Amer. M. Co.,* 157 Ala. 160. The basis of the rule is laches and not staleness nor lapse of time.—*Norton v. Britt,* 113 Ala. 117; *Alexander v. Hill, supra; Randolph v. Vail, supra.* Laches is not ordinarily imputable to infants, as there is no capacity even if there is knowledge.—22 Cyc. 512, and authorities supra. The reasonable rule is that of reasonable time under all the circumstances.—Authorities supra. Under sec. 531, Code 1896, the proceedings are void for want of jurisdiction.—*Wilmerding v. Corbin B. Co.,* 126 Ala. 275; *Trammel v. Gay,* 151 Ala. 311; *So. T. Co. v. Creagh,* 154 Ala. 283. The fact of a court of general jurisdiction passing upon it is insufficient.—*Myer v. Keith,* 95 Ala. 519. The capacity of the law and equity court is statutory and limited, and can only be exercised as authorized.—*Johnson v. Dismukes,* 104 Ala. 520.

D. B. COBBS, for appellee. The ordinary time of two years for an adult's disaffirming a purchase by the mortgagee at his own sale, will not be extended for a minor who inherits the right from him, the ancestor being in life and under no disability at the time of the foreclosure. Though if the ancestor was not in life at the foreclosure and the right accrues to the minor by inheritance, then the ordinary time of two years after the foreclosure may not apply.—*Lovelace v. Hutchinson,* 106 Ala. 422; *Alexander v. Hill,* 88 Ala. 387. Mere

ignorance of the fact that the mortgagee was the pur-
chaser cannot excuse when complainant has the means
of knowledge of it. Means of knowledge, or knowledge
of facts sufficient to lead to knowledge, is knowledge.—
*Cole v. Birmingham Union Rwy. Co.,* 143 Ala. 435.
Reasons excusing ignorance must be alleged.—*Moore
v. Ensley,* 112 Ala. 245. The right of disaffirmance ac-
crues to the one entitled, at the time of the foreclosure,
and the time starts running then.—*Pitts v. American
Mortgage Co.,* 157 Ala. 61. Amendments adding no
equity are properly refused. Repeated amendments
need not be allowed, unless substantial and material.
*Tutwiler v. Atkins,* 106 Ala. 194, 197; 31 Cyc. 372. The
adult complainant is estopped from avoiding the mort-
gage foreclosure as void by agreeing to pay for it, and
to pay other items which she does not repudiate after
attaining majority, and cannot ratify in part, thus sep-
arating the agreement made while a minor. The dis-
missal as to other defendants, for not bringing them
in, was proper. Chancery rule 27.

MAYFIELD, J.—In the court below the complain-
ant (appellant) filed her bill as an heir of the mortga-
gor (she being his granddaughter), to assert an equity
of redemption as to certain lands sold, under foreclo-
sure proceedings, under powers contained in the mort-
gage, for that the conditions of the power of sale had
not been complied with; in other words, for that the
mortgagee had become the purchaser at such sale with-
out express authority so to do. Appellees were subse-
quent purchasers or vendees, of the mortgagee after the
foreclosure sale.

Whether the mortgagor was living at the time of the
alleged voidable foreclosure—rendered voidable on ac-
count of the mortgagee's purchasing at his own sale,

without authority conferred by the mortgage, or the power of sale contained in the mortgage—does not clearly appear. The bill was not filed until more than two years after the irregular foreclosure. If the foreclosure had been regular in all things it would, of course, have cut off the equitable right of redemption and left only the statutory right of two years; and, this period having expired, there was left of course no right of redemption in the mortgagor or in his heirs. But the bill alleges that the foreclosure sale was irregular, because the mortgagee purchased at his own sale, without authority, and that the equitable right was therefore not cut off, and that the mortgagor, or his heirs or assignees, may disaffirm the irregular sale, and exercise the equitable right of redemption.

Our court a long time ago adopted the rule that, if the mortgagor, or his heirs or assignees, desire to disaffirm the irregular foreclosure sale, and exercise this equitable right of redemption, it must be done within two years from the date of the irregular foreclosure sale. This rule, with the two-year period for redemption fixed, is said to have been adopted as being analogous to the statute conferring the statutory right of redemption after a valid and regular foreclosure cutting off the equity of redemption. Therefore, if this bill was filed by the mortgagor, it would affirmatively show on its face that his equitable rights in both aspects were barred, and would be subject to demurrer on that account. The bill shows, however, that the mortgagor is dead, but whether he died before or after the foreclosure does not clearly appear. It does appear, however, that this complainant had no interest in the property when the foreclosure was had. Her mother, through whom she inherits, was then living.

The queston here presented is: Did the period of two years in which the irregular foreclosure could be set aside and redemption allowed continue to run, after the death of the mortgagor, against the heirs who file this bill? This is the prime, the pivotal, question involved on this appeal. The chancellor held that it did, and sustained a demurrer to the bill, which was, in effect, to deny the right to disaffirm and have set aside the foreclosure sale and redeem.

The case of *Alexander v. Hill*, 88 Ala. 487, 7 South. 238, 16 Am. St. Rep. 55, is the leading case in this state upon the subject under discussion. The previous cases are therein reviewed, and the principles declared in them restated with clearness and certainty. A case exactly like the one at bar was not decided, but it was anticipated; and we think the correct rule to be applied when such a case did arise was announced. And we now, as did the chancellor, apply that rule. The case anticipated in that opinion is now presented. In that case, after stating the rules of law applicable thereto, the court, speaking through McClellan, J., said: "Neither the statute of limitations, nor any exceptions provided for therein, have any bearing on the question. The limitation of two years, within which sales of the class under consideration must ordinarily be disaffirmed, is not a statutory, but a judicial limitation; it is not the result of legislative mandate, but of judicial opinion, that such period is usually a reasonable time for the exercise of the option of affirmance or disaffirmance, with which a purchase by the mortgagee at his own sale arms the mortgagor. The basis of the doctrine is laches, and not staleness of demand. The sale cuts off the equity of redemption, as long as it is permitted to stand, but leaves in the mortgagor, and those claiming under him, the right to disaffirm it, and the consequent right

to redeem upon such disaffirmance. But the law re-quires diligence of the mortgagor in the assertion of this right, and, in the absence of special circumstances, holds him to have waived the right, and to have affirmed the sale, unless he elects to the contrary within two years. The whole theory of the limitation, therefore, rests on the presumption of ratification after the lapse of two years 'in ordinary cases.' In extraordinary cases—cases involving peculiar circumstances, which rebut the presumption—it will not be indulged. (88 Ala. pp. 488, 489, 7 South. 238, 16 Am. St. Rep. 55.) We need hardly say that, if, at the time of such sale, the person entitled to make the election is free from disability, the time in which the option is to be express-ed will not be extended in favor of infants who subse-quently succeed to his right. (88 Ala. p. 490, 7 South. 239, 16 Am. St. Rep. 55.)"

In the case at bar, whether the mortgagor was living when the sale was made does not appear, but no steps were taken to disaffirm the sale or to redeem, during his life or during the life of complainant's mother; but the two years had not expired when the complain-ant's mother died, nor did the complainant or any other proceed so to do, within the two years; but did proceed, by this bill, after the two years had expired.

Was the bill filed within time? is the fundamental question presented by the appeal. If the law is as stat-ed in the last paragraph of the above quotation from *Alexander v. Hill, supra,* the question must be answer-ed in the negative. The chancellor so ruled and, as we hold, ruled correctly.

While, as before stated, the rule as to two years is but a judicial limitation, and not a statutory one, and the basis of the rule is laches, and not staleness of demand, it presumes the mortgagor or those claiming under him.

to have waived their right to disaffirm, and to have rat-
ified the voidable sale, unless they proceeded within
the time in which they could have exercised the stat-
utory right, had the foreclosure sale been in all things
regular.  By analogy to the rule as to the statute of
limitations, if the two years of judicial limitation had
begun to run against the mortgagor during his lifetime,
it would not be stopped by his death, and a newer, an ex-
tended, period created in favor of his heirs or assignees.
The whole theory of the limitation rests on the pre-
sumption of ratification after two years in ordinary
cases.  In extraordinary cases—cases involving pecu-
liar circumstances, which rebut the presumption—it
will not be indulged.

It was said by this court, in *Sewell's Case,* 92 Ala.
168, 169, 9 South. 144, 13 L. R. A. 299, touching the
right of the mortgagor to have the sale set aside when
the mortgagee purchases at his own sale without author-
ity, that: "The foreclosure of the mortgage by sale un-
der power given in the mortgage cuts off the equity of
redemption as fully as a foreclosure by a decree by the
court.  The mortgagor in such a case may come into a
court of equity, and in this court alone, and have the
sale set aside, and thus become reinvested  with  the
equity of redemption.  But to obtain this relief, he must
offer to do equity.  *  *  *  The  purchaser  of  the
equity of redemption succeeds to all the rights of the
mortgagor.  The court does not set aside the sale on
the ground that the equity of redemption still exists in
the mortgagor, but on the theory that the mortgagee
stands in the relation of a trustee who has obtained an
advantage over his cestui que trust, and out of great
caution a court of equity permits the cestui que trust
to elect within a reasonable time whether he will dis-
affirm the sale."—*Thomas v. Jones,* 84 Ala. 304, 4 South.

270.   After the foreclosure, there is no property right in the mortgagor—nothing that can be levied on or sold or assigned.   We do not now refer to the statutory right of redemption, amended by the acts of 1888-89, p. 764, but to the redemption rights of the mortgagor growing out of the transaction under consideration.   He has the option to ratify or disaffirm, and no one who was not the owner of the equity of redemption or his privies at the time of the foreclosure by sale, and who has not in some way estopped himself, can assert this election."

We agree with the chancellor in this case that it would be inequitable to allow this complainant to redeem after the lapse of two years, and after the mortgagee and his assignee have sold and conveyed to a third party, and after the interest of one of the heirs of the deceased mortgagor has been sold under execution, and has also passed into the subsequent vendee, one of the respondents in this suit.

It is true that the bill in this case does attempt to show an extraordinary case, in which the two years of judicial limitation should not apply, but, we concur with the chancellor that it fails so to do.   Neither the mortgagor nor the mortgagee is a party to this suit; the proceeding is wholly between parties who have acquired their rights by inheritance; some of them through two generations, and other parties who have acquired their rights by contract, sale, and purchase.   While it affirmatively appears that the mortgagor is dead, it does not clearly appear when he died—whether before or after the foreclosure.   It does appear, however, that plaintiff's mother was living when the foreclosure was had, and that the complainant had no interest in the land at that time.   It also appears that neither the plaintiff's mother, nor her grandfather, the mortgagor, ever attempted to have the sale set aside within the two years

next succeeding the sale. It also appears that the mortgagee assigned the mortgage before it was foreclosed, and had no interest in the foreclosure; that a third party purchased at the foreclosure sale for the assignee of the mortgage, taking title to himself, and reconveying to the assignee, the third party thereby acting as a mere conduit through which the title, after the sale, passed back into the assignee. But it also appears that the assignee subsequently sold and conveyed the lands to one of the respondents, and that the interests of some of the heirs of the mortgagor had been sold under execution sale and acquired by the same respondent, who purchased from the assignee of the mortgage. The bill shows that complainant owns a very small interest in the land. It would be difficult, if not impossible to do justice to all the parties, if a redemption should be awarded in this case. The parties to the mortgage are dead, and the lands have been sold under the mortgage, and at execution sale, as against some of the heirs of the mortgagor; and to now attempt to do equity as between all these various parties and their conflicting interests would be difficult if not impossible.

The case illustrates the wisdom of the judicial limitation of two years, in which the proceedings must be instituted.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.