(87 South. 549)

**WILLIAMS v. WILSON et al. (8 Div. 291.)**

(Supreme Court of Alabama. Dec. 16, 1920.)

1. **Mortgages ⬦616 — Bill by infant heir to disaffirm and redeem held to negative the idea that heir's father was alive at death of mortgagor.**

A bill by a grandson, the infant heir of the mortgagor, to disaffirm foreclosure sale and redeem, *held* to negative the idea that the heir's father, the son of the mortgagor, was alive at the time of the mortgagor's death.

2. **Mortgages ⬦362—Unauthorized purchase by mortgagee renders foreclosure sale voidable and revives equity of redemption.**

An unauthorized purchase by the mortgagee renders foreclosure sale voidable and revives the equity of redemption.

3. **Mortgages ⬦594(1)—Heir at law may disaffirm voidable foreclosure sale and redeem.**

If otherwise entitled, an heir at law may seasonably disaffirm a voidable foreclosure sale under the power in a mortgage and redeem.

4. **Mortgages ⬦599(1)—Those under disability may disaffirm within 20 years after voidable sale.**

Twenty years from the date of the sale under power in a mortgage, not from the date or law day of the instrument, is the period during which those under disability and so otherwise entitled may disaffirm a foreclosure sale where the mortgagee or one standing in his relation purchases without authority; infant heirs having 2 years after attaining their majority to disaffirm, provided that is done within 20 years after sale.

5. **Mortgages ⬦599(1) — Where infant heir filed bill to redeem less than a year after attaining majority, relief will not be denied for laches or staleness.**

Where the infant heir of the mortgagor within a year after attaining his majority filed a bill to disaffirm a voidable foreclosure sale and redeem, relief will not be denied; the bill being filed within the 20-year period allowed, on the ground of laches or staleness of the demand.

6. **Mortgages ⬦599(1)—Ten years' delay in filing bill to disaffirm voidable foreclosure sale will bar right.**

In case of an heir of a mortgagor sui juris at the time of foreclosure sale, 10 years' delay in filing a bill to disaffirm the voidable foreclosure sale will bar the right to relief.

7. **Mortgages ⬦362 — Mortgagee or assignee cannot purchase in the absence of authority to do so.**

A mortgagee or assignee of a mortgage is a trustee, and he cannot become a purchaser at foreclosure sale under power contained in the mortgage unless the power gives authority to the mortgagee to purchase.

8. **Mortgages ⬦362—Unauthorized purchase by mortgagee is voidable.**

Where a mortgagee or assignee of a mortgage purchases at foreclosure sale where the power did not give authority, such sale is not void but voidable only.

9. **Partnership ⬦63—Partnership not natural person or artificial entity.**

At common law a partnership is not a natural person or an artificial entity, though under statutory enactment the partnership may be sued at law in the firm name, and equity for the purpose of doing justice will recognize the partnership as an entity separate from the partners.

10. **Mortgages ⬦362—Purchase at foreclosure by firm having partners common to mortgagee firm held voidable.**

Although courts of equity have treated partnership real estate as personal property for the purpose of administering equitable principles, nevertheless a purchase on foreclosure sale by a firm having partners common to the mortgagee firm is voidable; the power of sale

<hr>

# 205 ALABAMA REPORTS

giving no authority to the mortgagee to purchase.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Bill by Charlie Williams against James E. Wilson and others for an accounting and for redemption from foreclosure. From a decree sustaining demurrers to the bill, complainant appeals. Reversed and remanded.

The demurrers are as follows:

(1) There is no equity in the bill because complainant does not show in the bill that he had a right to disaffirm the foreclosure of the mortgage made exhibits to the bill.

(2) It appears from the bill that the mortgages were regularly and legally foreclosed.

(3) It appears from the bill that Wilson & Co. had the right to become purchasers at the foreclosure sale under said mortgages.

(4) It does not appear from the bill that Wilson & Co. had no right to purchase at the foreclosure sale.

(5) The bill shows on its face that, if the complainant ever had the right to disaffirm the sale under the mortgages, he is now barred by the statute of limitations.

(6) Stale demand is not cognizable in equity.

(7) Bill fails to show that the complainant ever had or now has a complete equity in the land described in the bill.

Chenault & Guin, of Russellville, for appellant.

In cases of this character, any heir may redeem, notwithstanding certain others are barred. 137 Ala. 301, 34 South. 229; 127 Ala. 417, 30 South. 548; 121 Ala. 119, 25 South. 814. On the authorities supra, the complainant here is not barred. See, also, 113 Ala. 110, 20 South. 968; 157 Ala. 56, 47 South. 242; 194 Ala. 460, 69 South. 889. The mortgagee was a trustee, and after purchasing at the sale he was still a trustee. 185 Ala. 141, 64 South. 305; 32 Ill. 13; 27 Cyc. 1482; 26 S. E. 33; 62 S. E. 762; 1 Woods, 552, Fed. Cas. No. 8,443.

W. H. Key, of Russellville, and Kirk & Rather, of Tuscumbia, for appellees.

The foreclosure was full and complete, and cut off the equity of redemption. 106 Ala. 422, 17 South. 623; 92 Ala. 168, 9 South. 143, 13 L. R. A. 299; 71 Ala. 27. An election to disaffirm must be seasonably expressed. 92 Ala. 168, 9 South. 143, 13 L. R. A. 299. The firm is necessarily a separate entity from the individual. 30 Cyc. 454 et seq.; 128 Ala. 77, 30 South. 528; 17 N. J. Eq. 389; 87 Ala. 642, 6 South. 382; 84 Ala. 304, 4 South. 270.

McCLELLAN, J. Bill by appellant to disaffirm foreclosure sale under the power in mortgages and to redeem in virtue of the equity of redemption, upon the ground that the purchaser, averred to have stood in the relation of a mortgagee trustee (for that purpose), was not authorized by the mortgages to buy at the foreclosure sale.

Demurrers to the bill by several of the defendants were sustained, and the appeal is from that decree. The substance of the demurrers will be reproduced in the report of the appeal.

An accurate statement of the facts alleged in the bill and their legal effects will remove the bases for some phases of the discussion in the briefs of the respective solicitors. On January 8, 1889, Charles Mac Smith executed a mortgage on the land in question to Burgess, to secure a note maturing December 25, 1889. On an unaverred date, prior to December 3, 1904 (the date of the foreclosure sale), this mortgage was assigned and transferred to Wilson Bros. & Co.

On December 31, 1889, Charles Mac Smith executed to Wilson Bros. & Co. a mortgage on the same land to secure a note maturing November 15, 1890. This mortgage bears a credit indorsement under date December 8, 1890.

On December 3, 1904, Wilson Bros. & Co. foreclosed under the power contained in both of these mortgages, and Wilson & Co. became the purchaser at the sale.

[1] "Wilson Bros. & Co.," mortgagee in one of the mortgages and assignee of the other, was a mercantile copartnership composed of James E. and Charles E. Wilson and W. A. Orman. "Wilson & Co.," the purchaser at the foreclosure sale, was and is (presumably) a similar partnership composed of James E. and Charles E. Wilson. It thus appears that the two Wilsons were at the time in question partners in both firms, the mortgagee-assignee firm and the firm purchasing at the foreclosure sale. The bill avers:

"The mortgages on which foreclosure was attempted did not provide that mortgagees might purchase at their own sale; whereas James E. Wilson and Charles E. Wilson, doing business as Wilson & Co., attempted to purchase at the mortgage sale conducted by themselves as members of the partnership of Wilson Bros. & Co."

Now, as to appellant's (complainant's) relation to the mortgagor, the mortgagor's relation to the land, and the appellant's right to the relief sought, the following are the averments of fact appearing in the bill: Charles Mac Smith, the mortgagor, died "during or about the year 1899," when the appellant (complainant), his grandson, was "only a few months old," the appellant attaining his majority in June, 1919, and filing this bill February 11, 1920. Charles Mac Smith was, the bill avers, "in the lawful possession" of the land "at the time of his death." It appears expressly from the allegations of the bill that appellant (complainant), intestate's grandson, and a son of Charles Mac Smith, deceased, "constituted, were and

now are all the heirs at law of the said" mortgagor. The effect of this averment was to exclude any implication that appellant's (complainant's) parent, the child of the mortgagor, was in life when the mortgagor died.

[2] There is in the bill no impeachment of the validity of the foreclosure sale under the powers of sale in the mortgages, the primary object of the bill being directed to disaffirmance on the single ground stated and then redemption under the thus revived equity of redemption. Pitts v. Mortgage Co., 157 Ala. 56, 60, 47 South. 242.

[3-6] If otherwise so entitled, an heir at law may seasonably disaffirm a voidable foreclosure sale under the power in a mortgage and redeem. Rainey v. McQueen, 121 Ala. 191, 194, 25 South. 920. Twenty years from the date of the sale under the power, not from the date or the law day of the mortgage, is the period during which those under disability, and so otherwise entitled, may disaffirm a foreclosure sale, under the power, where the mortgagee or one standing in his relation purchases thereat without authority to do so given in the mortgage; infant heirs having 2 years after attaining their majority to disaffirm and redeem, provided, as stated, this is done within 20 years from the date of the sale. Alexander v. Hill, 88 Ala. 487, 7 South. 238, 16 Am. St. Rep. 55, Pitts v. Mortgage Co., supra, Lovelace v. Hutchinson, 106 Ala. 417, 17 South. 623, and Sharp v. Blanton, 194 Ala. 460, 69 South. 889, among others. If in point of fact, contrary to the effect of the averments of this bill, appellant's (complainant's) parent survived the date of the foreclosure sale, then the doctrine of Canty v. Bixler, 185 Ala. 109, 64 South. 583, will deserve consideration. The appellant's bill having been filed within less than a year after he attained his majority and within 16 years after the foreclosure sale in 1904, neither laches or staleness of the demand nor any limitation predicated of mere lapse of time rendered this bill subject to grounds of demurrer taking those objections. If appellant (complainant) had been sui juris for the period of 10 years after the death of his grandfather and the possession of the land had been held by the mortgagee and the successors of the mortgagee for 10 years under the circumstances stated in Dixon v. Hayes, 171 Ala. 498, 500, 55 South. 164, his right to redeem would have become barred. The doctrine of the cited decision and others in its line are without application to the cause made by the present bill.

With reference to the insistence for appellees that subsequent (to the foreclosure sale) grantees, made respondents in the cause, should be held to be entitled to the protection accorded innocent purchasers for value, it is to be noted: First, that no specific ground of the demurrers asserts this defensive matter; and, second, that the allegations of fact in the bill are not sufficient to render demurrer an appropriate means of presenting that defensive matter for consideration. This court has recently made pronouncement of the governing principles that may, if this contention is properly pleaded, be of service in determining the rights of such subsequent grantees.

[7, 8] In respect of a power to foreclose a mortgage by a sale of the property described therein, a mortgagee or an assignee of the mortgage is a trustee, who cannot become purchaser at such sale in the absence of authority so to do (Pitts v. Mortgage Co., supra; 1 Perry on Trusts [5th Ed.] § 199; 3 Jones on Mort. [7th Ed.] § 1876; 1 R. C. L. p. 609 et seq; 1 Beach on Trusts, § 186); this for the reason, among others attributable to the law's exaction of a very high degree of fidelity on the part of a trustee in the discharge of a trust, that the mortgagee, or his assignee, cannot be both the seller and the buyer at the foreclosure sale. Where the trustee of the power does buy at the foreclosure sale, the sale is not void but voidable only. This prohibition forbids such an unauthorized purchase either directly or indirectly by the party invested with the power. Authorities supra.

[9, 10] At common law a partnership is not a natural person or an artificial entity. Lister v. Vowell, 122 Ala. 264, 25 South. 564; Phillips v. Holmes, 165 Ala. 250, 51 South. 625. For certain purposes only is a partnership regarded as an entity distinct from its members. 1 Rowley on Partnerships, § 121; 20 R. C. L. pp. 805, 806. In consequence of statutory warrant a partnership may be sued at law in the firm name; but, when so impleaded, a judgment cannot be entered against the members composing the firm. Williams v. Hurley, 135 Ala. 319, 33 South. 159. In respect of rights of contract and interests otherwise and contests between a firm and its member or members, as well as in respect of the rights of creditors of a firm, the distinctiveness of the firm as an entity from the member or members is recognized in this jurisdiction. Long v. Slade, 121 Ala. 267, 26 South. 31; Teague v. Lindsey, 106 Ala. 266, 278, 17 South. 538; Rovelsky v. Brown, 92 Ala. 522, 9 South. 182, 25 Am. St. Rep. 83. In circumstances like those just indicated, our courts of equity have treated partnership real estate as personal property for certain purposes. Rovelsky v. Brown, supra; Butts v. Cooper, 152 Ala. 375, 382, 44 South. 616, and cases in each cited. This doctrine has not been accorded an effect to "change the tenure by which land is held," nor to exempt conveyances of firm realty, for other purposes than the payment of firm debts, from the general rules of law governing the subject. Butts v. Cooper, supra. Excepting, of course, the effect of statutes, the whole theory whereby equity regards a partnership as a separate entity from its members, and, for certain purposes, treats partnership real es-

tate as personalty, is inspired by and limited to the desire and design of equity to apply and administer equitable principles to the attainment of a substantial justice that would not be attainable if those fictions were not regarded in cases properly inviting their recognition.

The fiction prevailing in equity with respect to the treatment of partnership real property as personal assets of the firm is not a consideration where, as here, disaffirmance of a foreclosure sale and redemption is the relief sought.

Since the repository of a power of sale in a mortgage is a trustee in the premises, and since such a trustee cannot, directly or indirectly, even through another, purchase at a sale under the power unless authorized by the mortgagor to become a purchaser, except subject to the seasonably expressed right of the mortgagor or his privies to disaffirm such a sale and to redeem, a purchase by a partnership, having a copartner or copartners common to the firm in which the power to foreclose by a sale is vested, is voidable at the seasonably avowed election to disaffirm, because, at the very least, such a purchase is indirectly by the repository of the power to foreclose by a sale. Mapps v. Sharpe, 32 Ill. 13, 21, 22; 19 R. C. L. 609; 1 Beach on Trusts, p. 395; 1 Perry on Trusts (5th Ed.) pp. 283, 284; Freeman's Note, 92 Am. St. Rep. p. 576 et seq.

Whether partial redemption may be effected of a part of the entire subject of the foreclosure sale in contingencies that may, possibly, result from inability to redeem from subsequent (to foreclosure sale) innocent grantees of parts of the land is a question not presented for consideration and decision on this appeal.

The court therefore erred in sustaining the demurrers to the bill. The decree so adjudging is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE, and THOMAS, JJ., concur.