# Bibb *v.* Hawley.

### *Practice.*

1. *The consideration of a question by the court may be waived by the parties.* The appellate court will not consider a question which the record shows has been waived by an agreement of the parties.

2. *The mortgagee is a necessary party to a bill filed by the transferree of a mortgage debt.*—A bill filed by the transferree of a mortgage debt to whom the mortgage has not been assigned, to forclose the mortgage, must make the mortgagee a party to the suit.

3. *The omission of an indispensable party is available on error.*—The omission of an indispensable party is available on error, although no objection was made on this account in the court of chancery.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. HURIOSCO AUSTILL.

Thomas R. Hawley, a resident citizen of the State of New York, filed a bill of complaint in the Chancery Court of Montgomery county, against J. DuBose Bibb, to foreclose a mortgage executed by Bibb and E. G. Bibb, his wife, to E. H. Morrison & Co. The mortgage was made to secure a bill

of exchange for five thousand three hundred and twenty dollars, dated on the 23d of November, 1872, and payable on the first day of June, 1873, to E. H. Morrison & Co. The bill of exchange was signed by J. Dubose Bibb alone, and before maturity, it was transferred to the complainant for a valuable consideration.

The bill prayed that the said Bibb might be made a party defendant to the bill of complaint, and that an account might be taken of the amount of money due the complainant upon the said bill of exchange, and that the lands mentioned and conveyed in said mortgage may be sold under the order and decree of the court to pay and satisfy the debt due the complainant.

The defendant in his answer, among other things, alleged that he entered into an agreement with E. H. Morrison & Co. by which he " drew and accepted said bill of exchange, and delivered the same to said E. H. Morrison & Co., and in consideration thereof the said Morrison & Co. agreed to purchase for future delivery one thousand bales of cotton, as the respondent might direct, in the city of New York, and keep up the margin thereon for respondent as might be required, until the first day of June, 1873, or, in other words, purchase for respondent said 1,000 bales of cotton for any months between the 23d day of November, 1872, and the first day of June, 1873, keeping up his margin on the same, and respondent also agreed to make good to said E. H. Morrison & Co., at settlement of the same, any amount it might be necessary for the said Morrison & Co. to deposit for the account of respondent as loss on the said purchases over and above the said bill of exchange ; that the real and substantial agreement as made and understood between the parties thereto,. was that the cotton so to be purchased for respondent was not in fact to be delivered as contracted for, nor in fact delivered at all, but that the difference in the price of cotton at the time of said purchase, and at the time contracted to be delivered, should be paid by one party to the other as the cotton should rise and fall in the market, and that the same in reality was a wager that cotton would rise in value over the price at which the same was pretended to be bought by the purchaser, and that it would fall on the part of the seller; that it was the positive understanding no cotton was to be actually bought and none delivered, but the said E. H. Morrison should, for account of respondent, enter into a contract of purchase of cotton as aforesaid, and that said Morrison should keep up the margin thereon," &c.

The answer of the defendant also stated the manner in which the said contract was executed. But as the record shows that an agreement was made between the parties to this suit, " that the legality of the contracts for the purchase of cotton" should not be " raised in the Supreme Court," it is unnecessary to set out the allegations.

On the final hearing, the court decreed that the complainant was entitled to relief, and directed the register to advertise and sell the land described in the pleadings, and from the proceeds, to pay the amount due the complainant.

R. M. WILLIAMSON, for appellant.

ELMORE & GUNTER, for appellee.

BRICKELL, C. J.—The argument of appellant's counsel, is devoted mainly to a discussion of the legality of the contract made by appellant with Morrison & Co. A consideration of that question, on examining the record, we find the parties have by agreement waived, and there would be a manifest impropriety in the expression of any opinion in reference to it.

The remaining ground of error insisted on, the failure to make the mortgagee in whom the legal title resides, a party is however fatal to the decree. The uniform course of decision in this court, is, that to a bill for foreclosure, by the transferree of a mortgage debt, the mortgage not having been assigned to him, so as to pass the legal estate, the mortgagee is an indispensable party.—*Prout v. Hoge*, 57 Ala. 28. The omission of an indispensable party, is available on error, though objection was not made in the court of chancery. *McMaken v. McMaken*, 18 Ala. 576; *Woodward v. Wood*, 19 Ala. 213.

The decree must be reversed and the cause remanded.

STONE, J., not sitting.