|Thomas v. Jones.]

# Thomas v. Jones.

*Bill in Equity by Assignee of Equity of Redemption to Redeem Real Estate from Mortgagee Purchasing at his own Sale.*

1. *Parties to bill to redeem.*—Where the mortgagor has sold and conveyed unconditionally to a third person, he is not a necessary party to a bill filed by the purchaser to set aside a sale under a power in the mortgage, at which the mortgagee became the purchaser, and to redeem.

2. *Purchase by mortgagee at his own sale; who may avoid and redeem.* When the mortgagee becomes himself the purchaser at his own sale under a power in the mortgage, without the consent of the mortgagor, the latter may avoid the sale and redeem, by bill filed within a reasonable time; and a sub-purchaser from him, or assignee of the equity of redemption, may also maintain a bill for that purpose.

APPEAL from Conecuh Chancery Court.

Heard before Hon. JNO. A. FOSTER.

This bill was filed by the appellee as assignee of the equity of redemption against the mortgagee, who purchased indi-

[Thomas v. Jones.]

rectly at his own sale, under a power of sale in the mortgage, which did not give him the right to purchase, and sought to redeem the land in controversy.

George M. Jones bought the land from Joseph H. Thomas, and on the same day, December 31st, 1879, executed a mortgage to said Thomas to secure payment of the consideration of purchase. On November 18th, 1884, George Jones conveyed his interest in the land to *James* Jones, appellee, and complainant. On November 2d, 1885, said Thomas sold the land under a power in the mortgage. One Hickox was the highest bidder, and on November 9th, Thomas made a deed to said Hickox. The following day Hickox reconveyed to Thomas. Said Thomas had no authority to become the purchaser at his own sale. Thomas brought suit against Jones' tenants and recovered possession of the land.

To the bill filed by *James* Jones against Thomas, defendant demurred, setting up *non-joinder* of George Jones, the mortgagor, the inability of the complainant to redeem, and the insufficiency of his offer to pay what might be due defendant. The chancellor overruled the demurrer, and on final hearing decreed that complainant could redeem.

G. R. FARNHAM, and J. W. POSEY, for appellant, cited, as to non-joinder of mortgagor, 7 Ala. 217; 8 *Ib.* 743; 22 *Ib.* 646; 64 *Ib.* 330. As to right to redeem, 82 Ala. 622; 54 *Ib.* 317; 77 *Ib.* 515; Code of 1886, §§ 1879, 1880, 1881; Thomas on Mort. § 706; 80 Ala. 521; 74 *Ib.* 452; 70 *Ib.* 46.

STALLWORTH & BURNETT, and JOHN GAMBLE, *contra*.

SOMERVILLE, J.—1. The mortgagor, George M. Jones, having disposed of his entire interest in the mortgaged property by sale and conveyance to the complainant, James F. Jones, there was no necessity for making him a party defendant to the bill. The demurrer based on the fact of his non-joinder as a party defendant was properly overruled. *Mims v. Mims*, 35 Ala. 23; *Lewis v. Elrod*, 38 Ala. 17; *Bahre v. Auze*, 5 Ala. 173.

2. The defendant Thomas, who was the mortgagee, is shown to have been by indirection the real purchaser at the mortgage sale, he having made a deed to Hickox, and the latter having re-conveyed to him without consideration. At the time of this sale and purchase by the mortgagee the land belonged to the complainant. He owned the equity of

redemption which was cut off by the mortgage sale and purchased in by the trustee, and, therefore, had a right to avoid the sale by the bill filed to redeem in proper time.—*Downs v. Hopkins*, 65 Ala. 508; *Ezzell v. Watson*, 83 Ala. 120; 2 Jones on Mortg., § 1876. This is not a case of the exercise of the statutory right of redemption. If it were, and any other person than the mortgagee himself were the purchaser, under the rule declared in *Powers v. Andrews*, 84 Ala. 289, and other cases following that decision, the bill would be entirely devoid of equity, on the ground that an assignee of the *equity of redemption* can not redeem under the statute after a valid foreclosure of the mortgage, either under a decree of a court of chancery, or under a power of sale contained in the instrument. But the rule is clearly settled to be otherwise where the mortgagee, when unauthorized, purchases at his own sale. Not that the sale, so long as it is permitted to stand, is ineffectual to cut off the equity of redemption, for such is undoubtedly its legal effect. But the court, construing the transaction as a fraud on the rights of a *cestui que trust* by the trustee, will set aside the sale at the request of the injured party who files his bill to redeem within a reasonable time, offering to do equity. When the sale is thus set aside the complainant's equity of redemption is restored to its original status, subject only to the lawful charges incident to redemption, but otherwise it is completely disembarrassed of the sale.

3. The offer made in the bill to pay all that might be found due, on the taking of the account prayed, was clearly sufficient. An averment of a tender before the filing of the bill is only material as affecting the question of costs, and is not essential to the equity of the bill.—*McGuire v. Van Pelt*, 55 Ala. 344; *Adams v. Sayre*, 70 Ala. 318.

4. The court properly disallowed the item of twenty-five dollars claimed for an attorney's fee expended in foreclosing the mortgage under the power. The mortgage did not specially authorize such a charge, and the term "expenses of sale," occurring in the mortgage, would include nothing more than the ordinary expenses or costs of foreclosure, not extraordinary charges, such as attorney's fees for services rendered in making the foreclosure.

We discover no error in the record, and the decree is Affirmed.