# Johnson Bros. *v.* Selden *et al.*

### *Action of Assumpsit.*

1. *Pleading and practice; count upon bond can not be joined with common count.*—A count seeking to recover an amount alleged to be due upon an account stated, can not be joined in the same complaint with a count seeking to recover a like amount due upon a bond or a promissory note, which, is alleged in the count, to contain a waiver of exemption, and such complaint is subject to demurrer for such misjoinder.

2. *Mortgagee and mortgagor; property taken should be sold at fair value.*—Although under a mortgage the mortgagee is authorized, upon default therein to take possession of the personal property so conveyed and sell the same at private sale, yet in so selling the property at private sale for the satisfaction of his mortgage debt, it is the duty of the mortgagee to sell it at a fair and reasonable valuation; and upon his failure to do so, he becomes liable to the mortgagor.

3. *Action of assumpsit; set-off.*—In an action to recover an indebtedness secured by a mortgage, which authorized the mortgagee upon default to sell the property at private sale, where the defendant pleads set-off, upon which plea issue was joined, it is competent for the defendant to prove the value of the property taken under the mortgage and which was sold by the mortgagee; and if it is shown that a fair and reasonable value of said property was greater than the amount for which it was sold by the mortgagee, the defendant mortgagor is entitled to be credited with the difference.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

This action was brought by the appellants, Johnson Bros., against the appellees, John A. Selden and his wife, Sallie A. Selden. The complaint contained several

counts.   One count was a common count, in which the plaintiff sought to recover upon an account stated.   In another count the plaintiff sought to recover an amount alleged to be due upon a bond, which, it was alleged in the complaint, was executed by the defendants, and contained a waiver of exemptions.   In another count the plaintiffs sought to recover the same amount alleged to be due upon a mortgage, which mortgage was set out at length in the count, and contained a waiver of exemptions.   In another count the plaintiff sought to recover the same amount alleged to be due upon a promissory note executed by the defendants, which, it is alleged in said count, contained a waiver of exemptions.   To this complaint, the defendants demurred among others, upon the ground of a misjoinder of counts in the complaint. This demurrer was sustained.

The defendant, Sallie A. Selden, pleaded coverture, and the plaintiff confessed the plea.   The defendant, John A. Selden, pleaded payment, failure of consideration, partial failure of consideration, and set-off.

It was shown by the evidence that John A. Selden and his wife executed a mortgage to the plaintiffs to secure an indebtedness evidenced by a promissory note, which was to cover advances to be made by the plaintiffs to the said John A. Selden.   When the mortgage debt fell due, said Selden delivered many bales of cotton, the proceeds of which were credited to his account, and that what was now sued for was the balance due upon the indebtedness to the plaintiffs, after crediting the proceeds of said cotton.

After the cotton was so delivered to the plaintiffs, they made a general assignment for the benefit of their creditors, and the mortgage executed by the defendant, John A. Selden, was assigned and transferred to the assignee. It was shown that after the transfer and assignment of the mortgage to the assignee, he took possession of all the corn, cotton seed and fodder raised by said Selden during the current year, and the mules, horses, surrey and wagon owned by said Selden, which were included in said mortgage, and under the power contained in said mortgage, sold all of said property, together, at private

sale for $400. During the trial the defendant asked several witnesses what was the value of the property which was taken by the assignee. To each of these questions the plaintiffs separately objected, and separately excepted to the court overruling each of their said objections. The other facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the plaintiffs requested the court to give to the jury the following written charge, and duly excepted to the court's refusal to give the same: "The court charges the jury that they can only allow the defendant credit for $440 for the horses, mules, surrey, wagon, corn, fodder and cotton seed."

There were verdict and judgment for the defendant. Plaintiffs appeal and assign the rendition thereof as error.

WILLIAM CUNNINGHAME, for appellants.—The court erred in sustaining the demurrer to the complaint. Code of 1896, § 3292; *Mahan v. Smitherman,* 71 Aal. 563-566; *L. & N. R. R. Co. v. Cofer,* 110 Ala. 491; Code of 1896, § 2107; *Agnew v. Walden,* 95 Ala. 108; *Ward et al. v. Deadman,* 26 So. Rep. 916; Code of 1896, § 3305.

The court erred in permitting the witnesses, Bailey and Selden, to testify what the mares, mules, surrey, wagon, corn, fodder and cotton seed were worth, at the time they were sold by G. B. Johnston.—Cobbey on Chattel Mortgages, §§ 941, 967, 884; *McCall v. Mash,* 89 Ala. 487; *Diefenbach v. Vaughan,* 116 Ala. 150; 120 Ala. 1; 127 Ala. 343; *Ward v. Ward,* 108 Ala. 278; *Conner v. Smith,* 88 Ala. 300; *Sanders v. Knox,* 57 Ala. 80; *Darden v. Gerson,* 91 Ala. 323; Code of 1896, § 28; *Brown v. Johnson Bros.,* 33 So. Rep. 683; *Draper v. Walker,* 98 Ala. 310; Jones on Chat. Mtgs., §§ 791, 801.

ELMORE & HARRISON and GEORGE W. TAYLOR, *contra.* The complaint united a common count, to-wit, account stated with special counts on a bond and on a mortgage, alleging that they contained a waiver of exemp-

tions, and was subject to demurrer for misjoinder.—*Mc-Cummen v. Campbell,* 82 Ala. 566.

Under a private sale, or sale without foreclosure, the mortgagee must account for the actual value of the goods, if that be less than their fair value.

The question of their value is one for the jury.—Jones on Chat. Mort., (4th ed.), p. 702, § 708.

DOWDELL, J.—The appellants concede that under the authority of *McCrummen v. Campbell,* 82 Ala. 566, the court was justified in sustaining the demurrer to the complaint for misjoinder of counts, but now seek to have us review and overrule that case. This we are unwilling to do. In the case of *Mahan v. Smitherman,* 71 Ala. 563, cited by counsel for appellant, the question of a misjoinder was not raised, and hence that case cannot be regarded as an authority against the proposition decided in *McCrummen v. Campbell.* The case of *L. & N. R. R. Co. v. Cofer,* 110 Ala. 491, presented a question different in principle from the one under consideration, and is therefore not in point.

The complaint as amended declared upon a mortgage given by the defendant to the plaintiffs, describing the same as a bond, and claiming a certain amount specified in the complaint as due plaintiffs under it. Among other pleas, the defendant filed a plea of set off. No objection by demurrer or otherwise, was raised on this plea as to form or sufficiency, but issue was taken on it. Under this plea, the evidence of the value of the personal property taken under the mortgage, and which was objected to by the plaintiff, was relevant and admissible. Although the mortgagee, by the terms of the mortgage, was authorized to sell the personal property embraced in the mortgage at private sale, this did not relieve him, in taking possession of and selling the property, from the duty of acting in the utmost good faith in selling the same. In selling the property at private sale for the satisfaction of his mortgage debt, it was his duty to sell it at a fair and reasonable valuation, and failing to do so he became liable to the mortgagor for such failure. We think there can be no doubt of the right of the mortgagor to

show his claim against the mortgagee, by showing the unfairness of the sale, and to this end, that the property was sold for greatly less than its fair and reasonable value. See Jones on Chattel Mortgages (4th ed.) p. 702 § 708. Here the property, which consisted of different items, such as mules, wagon, carriage, and farm products, was sold *en masse* or in lump. This, in itself, was *prima facie* evidence of unfairness.—Jones on Chattel Mortgages, (4th ed.), p. 781, § 797. The question of value was one for the jury.

The fact that the sale was made by the assignee of the mortgagee, while the mortgage was in the hands of such assignee, cannot change the rule. The assignee in this case, to all intents and purposes, stood in the shoes of the mortgagee in taking possession of the property and selling the same. Under the evidence the trial court very properly refused the written charge requested by the plaintiff. We find no reversible error in the record and the judgment will be affirmed.

Affirmed.