(87 South. 537)

**CHENAULT v. MILAN.**  (8 Div. 243.)

(Supreme Court of Alabama.   (Nov. 25, 1920.
Rehearing Denied Feb. 10, 1921.)

1. **Chattel mortgages ⬳262(1)—Sale held properly set aside.**

Where the mortgage gave no authority to the mortgagee to purchase at his own sale, a foreclosure sale at which the mortgagee was the purchaser, and at which much of the mortgaged property was not present, some of it being in the adjoining county, and at which all the property was sold en masse for a lump sum, was properly set aside and annulled, and the mortgagor allowed to exercise his equity of redemption.

2. **Appeal and error ⬳977(1)—Rehearing held discretionary.**

Denial of respondent's application for rehearing on ground of absence from court when the case was called, and that the decree entered was inequitable and unjust, *held* within the unrevisable discretion of the chancellor.

3. **Reference ⬳63—Proof properly excluded of matters not in issue under the order of reference.**

Where respondent on reference attempted to offer proof before the register concerning matters not embraced within the chancellor's order of reference, the register properly disallowed proof of such independent matters, which were not made an issue in the case, the respondent having contented himself with a mere general denial by way of answer, whereas the matters offered to be proven on the reference were such as were required to be brought forward as affirmative defenses in the answer or in some instances by way of cross-bill; it being immaterial that some of these independent matters were set up in respondent's answer to complainant's interrogatories.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Bill by Ed Milan against C. S. Chenault to set aside foreclosure sale for an accounting and to redeem. Decree for complainant, and respondent appeals. Affirmed.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Bill by appellee against appellant, seeking to set aside the foreclosure sale under a certain mortgage (Exhibit A to the bill), which mortgage was executed by complainant to respondent on December 15, 1916, and due November 1, 1917, to secure an indebtedness of $340.65. The mortgage contained a provision that should the mortgagor fail to move on the farm in Lawrence county, rented from the mortgagee, within 10 days from the date of the mortgage, the same should become due and might be foreclosed. The bill shows that the respondent, claiming default had been made, took into his possession the mules and wagon and other personal property, and on October 4th pretended to advertise and sell the same in New Decatur, he becoming the purchaser thereof; that the property was sold in bulk at a great sacrifice, much of it not being present at the sale; and that some of the property was in Lawrence county, particularly the crops of corn and cotton which the respondent had gathered and appropriated to his own use, and failed and refused to render an account therefor, selling the cotton and corn at private sale. The mortgage, Exhibit A, does not contain a clause authorizing the mortgagee to purchase at his own sale. The prayer is for the foreclosure sale under said mortgage to be set aside, and complainant be allowed to redeem, and that a reference to the register be ordered to state an account and ascertain the property which was taken and disposed of by respondent, with the value of same, and that a personal decree be rendered for any sum in excess of the mortgage indebtedness. Certain interrogatories were propounded in the bill to the respondent in regard to the mortgage indebtedness and the property taken, the amount for which it was sold, and where it was located at the time of the foreclosure.

The defendant, for answer to the bill, merely filed a general denial as follows:

"(1) This respondent denies all the allegations of fact contained in said bill."

The bill was filed November 17, 1917, and the foregoing answer was filed December 27, 1917. On April 29, 1918, on motion of complainant, the defendant was required to answer the interrogatories incorporated in the bill. These interrogatories were answered May 7, 1918, showing that the copy of the mortgage was substantially correct, and that none of the consideration was to secure advances, but was for money advanced to pay a debt due a prior landlord; that complainant had not moved on the respondent's place within the time provided; and the answer also claims that he had abandoned his crop, and had also abandoned the wagon and team in the town of Albany, where the respondent took charge of the same, and then proceeded to take charge of the entire crops and all personal property, selling such property on October 5th in the streets of New Decatur

after posting notices of sale. The answer also shows that some of the property was present, but a good deal of it was not present, being in an adjoining county, and that respondent became the purchaser at said sale; the amount of crops gathered and the cost of same, together with the price of seed. The answer then sets up that complainant owed $75 rent to one Raper, which amount respondent paid in order to make his mortgage good; that complainant had cut timber to the amount of $77, which he had converted to his own use, and that complainant owed him other sums for advances as a tenant; and, further, that after all of this had taken place the complainant came into the office of respondent, and they had a full settlement of the whole matter.

The cause, being called at the November term of court, was submitted for final decree upon the pleadings and proof as noted by the register—the complainant noting the original bill, interrogatories filed, and defendant's sworn answers thereto; defendant noting nothing. A decree was rendered setting aside the foreclosure sale of October 5, 1917, and referring the matter to the register to state an account between the parties—

"with reference to the mortgage indebtedness of complainant to defendant and the value of the property of complainant sold by defendant as above referred to. The register will charge the complainant with the amount of his mortgage indebtedness to defendant, with interest thereon to the date of said sale, and will charge the defendant with the reasonable value of all the property of complainant sold by defendant at the aforesaid sale, with interest thereon from the filing of the bill in this cause."

This decree was dated December 9, 1918. On December 14th, following, respondent, through counsel, made application to the court for a rehearing, and to have the decree of December 9th set aside—setting up his absence from court at the time, and that the same was inequitable and unjust, in that complainant was indebted to respondent in various sums, which fact is not taken account of by the decree for reference. On December 19th the court entered an order denying the petition for rehearing.

Reference was held by the register after giving due notice, and he stated an account between the parties, showing the amount of indebtedness due under the mortgage, and charged the respondent with the value of the property received and sold by him. Much evidence was offered on this reference, and the respondent offered testimony before the register to establish his independent claims, distinct from the mortgage indebtedness, such as superior liens on the crops discharged by the appellant for rent claimed by Raper, cutting timber, etc. All these matters were disregarded by the register, and not allowed. The respondent filed numerous

exceptions to the report of the register; the cause coming on to be heard upon said report and the exceptions filed thereto. The court rendered a decree confirming the register's report, finding a sum in excess of the mortgage indebtedness, and rendered judgment therefor. From these decrees the respondent prosecutes this appeal.

G. O. Chenault, of Albany, for appellant.

The interrogatories were sworn to, and became part of the evidence in the case, and are necessarily answers to the bill. 22 Ala. 221; 163 Ala. 136, 50 South. 941; 10 R. C. L. § 209. Counsel discuss other assignments of error, but without further citation of authority.

Callahan & Harris, of Decatur, for appellee.

The only defense interposed was a general denial, and the chancellor could not have rendered any other decree. 186 Ala. 360, 64 South. 622. The claim set up in the interrogatories was in the nature of affirmative relief, and should have been brought forward by cross-bill. 97 Ala. 447, 12 South. 65; 130 Ala. 575, 29 South. 201. See, also, in this connection, 2 Ala. 215; 75 Ala. 400; 81 Ala. 479, 8 South. 197; 96 Ala. 498, 11 South. 537.

GARDNER, J. This bill is filed by the mortgagor to have annulled a foreclosure sale of certain property, conveyed under mortgage which is made an exhibit to the bill, upon the ground of unfairness, oppression, and irregularity in the sale, and to be allowed the exercise of his equity of redemption. The equity of the bill was not questioned, and the answer contained but a mere general denial of the facts alleged in the bill.

[1] The mortgage attached to the bill, gave no authority to the mortgagee to purchase at his own sale, and the answer to the interrogatories, incorporated in the bill, disclosed that the respondent had become the purchaser at the foreclosure sale; that much of the property was not present at the time, some of which was in an adjoining county; and that all the property was sold en masse for a lump sum. Under these circumstances the court properly set aside and annulled the foreclosure sale, and allowed the complainant to exercise his equity of redemption. Lovelace v. Hutchinson, 106 Ala. 417, 17 South. 623; Thomas v. Jones, 84 Ala. 302, 4 South. 270; Canty v. Bixler, 185 Ala. 109, 64 South. 583; Johnson v. Selden, 140 Ala. 418, 37 South. 249, 103 Am. St. Rep. 49; Foster v. Goree, 5 Ala. 424; Harmon v. Dothan Bank, 186 Ala. 360, 64 South. 621.

[2] The action of the court in regard to the denial of the petition for a rehearing was a matter within the unrevisable discretion of the chancellor. Cox v. Brown, 198 Ala. 638, 73 South. 964; Ex parte Gresham, 82 Ala. 359, 2 South. 486.

[3] The decree of the court ordering the reference directed a statement of account between the complainant and respondent, to the end that the complainant be charged with the amount of the mortgage indebtedness, with interest thereon, and the respondent be charged with the reasonable value of the property received and disposed of by him. The respondent attempted to offer proof concerning many matters of indebtedness and set-off before the register on this reference, and filed numerous exceptions to the disallowance thereof; but, these not being matters embraced within the order of reference, the register was entirely correct in the disallowance of such independent matters, which were not made an issue in the case. The respondent contented himself by way of answer with a mere general denial. The matters offered to be proven on the reference were such as were required to be brought forward as affirmative defenses in the answer, or in some instances by way of cross-bill; by the answer filed they had not been made an issue in the case.

"It is said by Mr. Daniell to be 'of great importance to the pleader, in preparing an answer, to bear in mind that, besides answering the plaintiff's case as made by the bill, he should state to the court upon the answer all the circumstances of which the defendant intends to avail himself by way of defense; for a defendant ought to apprise the plaintiff by his answer of the nature of the case he intends to set up, and that, too, in a clear, unambiguous manner; and, in strictness, he cannot avail himself of any matter of defense, which is not stated in his answer, even though it should appear in evidence.'" Robinson v. Moseley, 93 Ala. 70, 9 South. 372.

See, also, Noble v. Giliman, 136 Ala. 618, 33 South. 861; Cotton v. Scott, 97 Ala. 447, 12 South. 65; Tatum v. Yahn, 130 Ala. 575, 29 South. 201; Sims, Chan. Pr. § 489, and numerous authorities cited in the note.

While some of these independent matters were set up in the answer to the interrogatories, many of which were not responsive thereto, yet this was without effect upon the foregoing well-established rule as set forth in these authorities. We have carefully noted the cases cited by counsel for appellant in regard to the answer to interrogatories, among them Sullivan v. L. & N. R. R. Co., 163 Ala. 125, 50 South. 941; but we find nothing in these cases which at all militates against the conclusion here reached.

It results that we find no error, and the decree appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.