(111 So. 7)
JOHNSON v. JOHNSON. (6 Div. 651.)

(Supreme Court of Alabama. Jan. 13, 1927.)

1. Divorce ⚖️184(5)—Denial of motion to set aside divorce decree is within chancellor's unrevisable discretion (chancery court rule 81).

Motion to set aside divorce decree being properly an application for rehearing under chancery court rule 81, denial thereof rests in unrevisable discretion of chancellor.

2. Divorce ⚖️165(5½)—Unverified motion, without supporting proof, would not justify setting aside divorce decree.

Mere unverified motion, without proof offered in support thereof, would not justify setting aside divorce decree.

3. Equity ⚖️392—No order is necessary on denying application for rehearing (chancery court rule 81).

No order need be made on denial of application for rehearing under chancery court rule 81.

4. Divorce ⚖️177—Order denying motion to set aside divorce decree is not appealable.

An order denying a motion to set aside a divorce decree does not support an appeal.

Appeal from Circuit Court, Jefferson County; William B. Walker, Judge.

Bill for divorce by Helen Johnson against James B. Johnson. From an order denying a motion to set aside a decree for plaintiff, defendant appeals. Appeal dismissed.

Roy H. Manly, of Birmingham, for appellant.

Respondent should have had notice and an opportunity to defend the bill. Golden v. Golden, 102 Ala. 353, 14 So. 638; Powell v. Powell, 80 Ala. 595, 1 So. 549.

Mullins & Jenkins, of Birmingham, for appellee.

No appeal being taken from the final decree itself, any attack thereon is collateral. Johnson v. Johnson, 182 Ala. 376, 62 So. 706. The action of the court in refusing to set aside the decree is not revisable on appeal. Chancery rule 81; Stover v. Hill, 208 Ala. 575, 94 So. 826; Chenault v. Milan, 205 Ala. 310, 87 So. 537; Cox v. Brown, 198 Ala. 638, 73 So. 964.

GARDNER, J. A divorce decree was rendered in favor of appellee against appellant in the circuit court of Jefferson, in equity, on December 1, 1925. The proceedings are entirely regular, and the cause unresisted by the defendant, answer being filed, and also waiver of notice as to time and place of taking testimony, and agreement for submission of the cause.

[1] On the 5th day of December, thereafter, defendant filed a motion to have this decree set aside that he may be permitted to interpose a defense thereto. Such a motion is more properly designated as an application for rehearing under chancery court rule 81. Code 1923, p. 932. The application was denied, and the appeal is specifically taken only from the order or decree denying such application. The denial of a petition for rehearing in an equity suit is a matter resting in the unrevisable discretion of the chancellor. Chenault v. Milan, 205 Ala. 310, 87 So. 537; Ex parte Gresham, 82 Ala. 359, 2 So. 486; Cox v. Brown, 198 Ala. 638, 73 So. 964; Hale v. Kinnaird, 200 Ala. 596, 76 So. 954; Preddy v. Herren Sales Co. (Ala. Sup.) 110 So. 131.[1] In Golden v. Golden, 102 Ala. 353, 14 So. 638 (cited by counsel for appellant), an original bill in the nature of a bill of review was filed to set aside a decree rendered against complainant in a suit, the pendency of which she had no notice. No such situation is here presented, and the case is readily distinguishable.

[2-4] It may be added, however, that, even though the action of the court below was here reviewable, the mere unverified motion with no proof offered in support thereof (as was the case here) would not suffice in any event to justify setting aside the decree rendered. On such application for rehearing under rule 81, supra, if it is denied, no order is required to be made thereon. Zaner's Case, 203 Ala. 650, 84 So. 820. None was here necessary. Being a matter resting in the unrevisable discretion of the chancellor, for a review of which no statutory appeal is provided, we think the order made not supportive of an appeal.

The appeal will be dismissed.

Appeal dismissed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.