## DAWSON v. CITY OF BIRMINGHAM et al.
(6 Div. 857.)

Supreme Court of Alabama. Oct. 20, 1927.

1. Statutes ⟨key⟩167(2)—Code provisions of 1907, relating to appearance of defendant not personally served, omitted from Code of 1923, are thereby repealed (Code 1907, §§ 3170, 3171).

Code 1907, §§ 3170, 3171, authorizing defendant not personally served to defend on merits within 12 months after rendition of decree, omitted from Code 1923, was thereby repealed.

2. Equity ⟨key⟩419—Decrees against nonresident defendants not personally served held governed by law of date of their rendition.

Decree against nonresident defendants not personally served, rendered before Code 1923 became effective, are governed as to their effect by law of date of their rendition.

3. Equity ⟨key⟩419—Decree against nonresidents not personally served included statutes in effect when decree was rendered permitting defense within twelve months after rendition (Code 1907, §§ 3170, 3171; Code 1923, § 11).

Code 1907, §§ 3170, 3171, providing that defendant not personally served may defend on merits within twelve months after rendition of decree, *held* written into decrees against nonresident defendants not personally served, which could be vacated within twelve months after rendition, in view of Code 1923, § 11.

4. Appeal and error ⟨key⟩80(6)—As regards appeal, more than one final decree may be rendered in a cause (Code 1923, §§ 6078–6155).

Under statutes for review by appeal (Code 1923, §§ 6078–6155), more than one final decree may be rendered in a cause.

5. Equity ⟨key⟩419—Twelve-month period, during which decrees against nonresident defendants not personally served did not become final, dated from final decree, and subjected final decree and all prior decrees to be set aside (Code 1907, §§ 3170, 3171).

In action for equitable apportionment of assessments against property and subrogation to liens of city for amount paid in excess of claimant's share, in which decree pro confesso was entered on publication against nonresident defendants and final decree subsequently entered granting claimant relief, twelve-month period provided by Code 1907, §§ 3170, 3171, during which decree does not become absolute against nonresident defendants, dates from final decree, and subject final decree and all prior decrees to be set aside on petition of nonresident defendants.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Suit in equity by John Dawson against the City of Birmingham and others, with petition of respondents Phoebe Dixon and others to vacate former decrees therein. From a decree setting aside former decrees, complainant appeals. Affirmed.

Hugh A. Locke, of Birmingham, for appellant.

The decree of June 9, 1924, was a final decree that settled the equities between the parties. Under the Code of 1907, it became absolute after 12 months. Under the Code of 1923, said decree became absolute in 30 days. Code 1907, § 3170 et seq. The statutes of 1907 were omitted from the Code of 1923, and were repealed. But, if not, the decree of June 9, 1924, was the controlling decree, and, having been rendered more than 12 months before filing of the petition, that petition came too late. McCammon v. McCammon, 206 Ala. 165, 89 So. 455.

London, Yancey & Brower, of Birmingham, for appellees.

Sections 3170, 3171, and 3176 of the Code of 1907, while not brought forward in the Code of 1923, were continued in force as to existing rights of these appellees. Code 1923, § 11. The decree of August 6, 1924, confirming the report of the register, was in every sense final. The petition was filed June 30, 1925. Sawyer v. Edwards, 200 Ala. 26, 75 So. 338; 21 C. J. 822.

BOULDIN, J. The appeal is from a decree vacating certain decrees in equity, rendered against nonresident respondents without personal service, and letting them in to

---

defend upon the merits. Code of 1907, §§ 3170, 3171.

The original bill alleged, in substance, that formerly the complainant and his wife owned, as tenants in common, each a one-half interest in certain city lots; that on his wife's death he took a life estate in her interest, and acquired a fractional interest in the remainder from her heirs; that respondents, residents of England, owned the undivided remainder interest as heirs of the deceased wife; that local assessments for street and sewer improvements had been made against the lots by municipal authority; that complainant had made part payments on these assessments in excess of his proportion, leaving balances due and unpaid; that complainant had erected permanent improvements, enhancing the value of the property.

The prayer was for an equitable apportionment of the local assessments, the subrogation of complainant to the liens of respondents the city of Bessemer and the city of Birmingham for the amount in excess of his share, the equitable apportionment of the value of the permanent improvements, and for general relief.

Upon decrees pro confesso on publication against the nonresidents, and the answers of the municipalities, a decree was entered June 9, 1924, adjudging complainant "entitled to the relief prayed," entitled to an "equitable apportionment" of all local assessments and of all permanent improvements made by him, and ordering a reference to ascertain the amount and an equitable apportionment of these several charges.

Upon the coming in of the report, a decree was entered August 6, 1924, confirming the report, decreeing the amount chargeable to each lot, subrogating complainant to the lien of the city for the excess amounts ascertained to have been paid on local assessments, decreeing complainant a lien on the interests of the nonresident tenants in common for ascertained sums due on an equitable apportionment of the permanent improvements, and ordering a sale of the property upon default in payment of these charges within fifteen days. The property was sold, purchased by complainant, and the sale confirmed.

The sworn petition of nonresident respondents to vacate these several decrees and proceedings, and to be allowed to plead, answer, or demur to the bill was filed June 26, 1925. "No knowledge, notice, or information" of the filing of the bill nor of the proceedings thereon is alleged to have been received by movants until June 22, 1925.

[1] Section 3170, Code of 1907, declaring a decree against a defendant, without personal service or appearance, not absolute for twelve months after its rendition, and sec-

tion 3171, providing the remedy to set such decree aside and let in the defendant to be heard upon the merits, and other related sections, appear to have been omitted from the Code of 1923, and thereby repealed.

[2] But the decrees of June 9 and August 6, 1924, rendered before the Code of 1923 became effective on August 17, 1924, are governed as to their effect by the law of the date of their rendition.

[3] The statute of 1907 was written into these decrees. They must be treated as if they had contained a recital not to become absolute for twelve months, and subject to be vacated during that time. Code of 1923, § 11; Sayre v. Elyton Land Co., 73 Ala. 85; Holly v. Bass, 63 Ala. 387.

Appellant makes the point that the decree of June 9th was rendered more than twelve months before petition to vacate was filed; that it was a final decree, and after twelve months became absolute, and not subject to be set aside under the statute.

[4] Under our statutes for review by appeal (Code 1923, §§ 6078–6155), it is recognized that more than one final decree may be rendered in a cause.

[5] But this twelve-month statute is for the protection of parties not served, to give a day in court to plead, answer, or demur and be heard upon the merits of the entire cause as though no decrees had been entered.

To vacate the final decree of August 6, 1925, granting specific and effective relief, leaving the decree of June 9th in force, would not accomplish the remedial purpose of the statute.

We hold the twelve-month period dates from the final decree of August 6th, fixing specific liens and charges upon the property of respondents, and directing a sale thereof; that the decree pro confesso and the decree of June 9th, as well as all subsequent proceedings based thereon, or on the decree of sale, were properly set aside on petition of nonresident respondents. Sawyer v. Edwards, 200 Ala. 26, 75 So. 338.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.