139 So. 271

## COMMERCIAL CREDIT CO. v. STATE ex rel. STEWART, Deputy Solicitor.

### 6 Div. 968.

Supreme Court of Alabama.
Jan. 21, 1932.

124

Lange, Simpson & Brantley, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for appellee.

KNIGHT, J.

Proceedings instituted by the state of Alabama, on relation of Herman Stewart, as deputy solicitor of Cullman county, for the condemnation and sale of one Chrysler sedan automobile, motor number P–238891, alleged in the state's petition to have been seized by the sheriff of Cullman county while being used by one Barney Trojan in the transportation of prohibited liquors from one point in Cullman county to another.

The seizure occurred in Cullman county on the third day of September, 1929, and the present proceedings were filed on September 11th, same year. On the 24th day of September, 1929, the appellant, Commercial Credit Company, a corporation, with the United States Fidelity & Guaranty Company, as its surety, executed a claim bond for the automobile, and the property was thereupon delivered to this claimant. This bond recited, among other things, the seizure of the described automobile by the sheriff of Cullman county, "under the prohibition law of the State of Alabama, as the property of Barney Trojan," and that the Commercial Credit Company has made affidavit that it has a just claim to the property.

The record shows service of a summons, issued upon the petition, on the said Barney Trojan, and a proper decree pro confesso against him upon his failure to plead in said cause after the expiration of the period of thirty days from the date of the service.

It is further made to appear that notice to all persons claiming said automobile to come in and assert their right thereto was given by proper order made by the judge of said circuit, and this notice was duly published, for the required length of time specified in said order, in the Cullman Democrat, a weekly newspaper published in Cullman county. By this order and publication, all parties claiming any interest in the automobile were required to assert their claims by January 30, 1930. The publication was completed on December 19, 1929. The decree enforcing the forfeiture and ordering the sale of the automobile was made on April 8, 1931.

The Commercial Credit Company did not intervene by petition in the cause, and have its claim adjudicated by the court. This is the mode provided by statute for claimants to litigate with the state over the title to the property sought to be declared contraband and forfeited to the state. Sections 4778, 4779, Code.

It is first insisted for error that the proceedings by the state is against Barney Trojan, and not against the automobile sought to be condemned. There is no merit in this insistence, as section 4779 provides that the proceedings shall be instituted against the property seized, describing the same, or against the person or persons in possession of said vehicles of transportation, if known, to obtain a decree enforcing the forfeiture. This latter direction of the statute was the course pursued in the cases of State v. Hughes, 203 Ala. 90, 82 So. 104; Maples et al. v. State, 203 Ala. 153, 82 So. 183.

The petition filed by the state in this case meets all statutory requirements, and set in motion the jurisdiction of the court to proceed to the condemnation of the car.

While the Commercial Credit Company was not entitled to any notice of the taking of the testimony in the cause, inasmuch as it failed to intervene by petition, yet it appears from the record that the register did give notice to it of the motion for oral examination of the witnesses; and it further

appears that, after the commissioner was appointed to take the depositions, the commissioner gave notice to the Commercial Credit Company that the testimony of the named witnesses would be taken at the office of the register on the 20th day of May, 1930, and this notice was served upon the appellant on the 6th day of May, 1930.

Complaint is made that the notice was insufficient to inform the Commercial Credit Company of the cause in which the testimony was proposed to be taken, other than that of the State of Alabama, ex rel. Herman Stewart, as deputy solicitor, versus Barney Trojan, in the circuit court of Cullman county. The Commercial Credit Company had executed a claim bond in the cause, and which was then on file, and in this bond the defendant Barney Trojan's name was stated, and the name and the motor number of the automobile was given, and the company knew that the state was, in said proceedings, seeking a decree of forfeiture against the car. When this notice of the taking of testimony was served upon the appellant, it must be held to have known that the testimony about to be taken related to the condemnation of the car, for which it had given a claim bond. This disposes of the questions presented by the appeal adversely to the contention of appellant.

The decree or order denying the motion for rehearing is not appealable. "Rehearings, in equity, rest in the sound discretion of the chancellor; and when the discretion is exercised, his decision is not revisable, either on appeal or by mandamus." Ex parte Upchurch; 215 Ala. 610, 112 So. 202, 203; Chenault v. Milan, 205 Ala. 310, 87 So. 537; Hale v. Kinnaird, 200 Ala. 596, 76 So. 954; Cox v. Brown, 198 Ala. 638, 73 So. 964; Johnson v. Johnson, 215 Ala. 434, 111 So. 7.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.