## SIMPSON v. JAMES R. CROWE POST NO. 27, AMERICAN LEGION.

### 8 Div. 634.

Supreme Court of Alabama.
May 9, 1935.

Rehearing Denied June 6, 1935.

R. L. Polk and Stockton Cooke, Jr., both of Sheffield, and Henry D. Jones and Fred S. Parnell, both of Florence, for appellant.

R. T. Simpson, Jr., of Florence, for appellee.

KNIGHT, Justice.

Bill by appellant, J. F. Simpson, to perpetually enjoin the appellee, James R. Crowe Post No. 27, American Legion, from foreclosing a mortgage on certain real estate, executed by the appellant to the late Mrs. Susan A. Brabson, to secure a presently contracted indebtedness, money loaned, of $1,250; to "declare the act of respondent in acquiring said note and mortgage ultra vires; to declare the contract usurious, and for a judicial ascertainment of the indebtedness, in the event complainant was adjudged not to be entitled to a perpetual injunction, and for redemption." Complainant offers in his bill to do equity.

In paragraph 4–a of the bill as last amended, it is averred: "Complainant further alleges that a conspiracy existed between the respondent and the said Susan A. Brabson and Lula V. Frazier to have said mortgage transferred and assigned to the respondent for the purpose of instituting foreclosure proceedings and thereby divest title to the property conveyed by the mortgage from the complainant to the respondent in order that the respondent might have a domicile or place of business or home, and complainant further alleges that the respondent accepted

the transfer of said mortgage and instituted foreclosure proceedings in furtherance of said conspiracy with the intent to defraud complainant out of said property." The bill contained other averments not necessary to be here detailed.

The respondent, the said James R. Crowe Post No. 27, American Legion, filed its answer to the bill, asserting its ownership of the note and mortgage by transfer from Mrs. Brabson, and averring that after it acquired the same it made demand upon the mortgagor for payment, and that the mortgagor having failed to pay the debt, it had proceeded under the power of sale to advertise and sell the property, and was so proceeding when the injunction was issued.

The respondent denied that the note and mortgage were transferred to it by Mrs. Brabson for the purpose of oppressing the mortgagor, or that they accepted the transfer for any such wrongful or illegal purpose; that it stood ready and willing at all times to accept payment of the indebtedness. At a subsequent time, as the proceedings progressed, the respondent amended its answer by making it a cross-bill, in which it prayed for the ascertainment of the indebtedness, including a reasonable solicitor's fee, and for the foreclosure of the mortgage. To this cross-bill the cross-complainant made the complainant in the original bill, the said J. F. Simpson, the sole defendant thereto. To the cross-bill, the said J. F. Simpson filed a number of grounds of demurrer, but none that presented the question of the nonjoinder of Mrs. Brabson, or the then holder of the legal title to the note and mortgage.

Upon final submission, the court denied injunctive relief to the complainant, and ascertained the amount of the indebtedness secured by the mortgage, and ordered the immediate foreclosure of the mortgage. The register was directed to sell the property in accordance with the terms of the mortgage to the highest bidder for cash in front of the United States Post Office in Sheffield, after advertising the sale for 30 days in some newspaper published in Colbert county, and to report the sale for confirmation.

It is to be noted from the decree that the court found that the respondent, the said James R. Crowe Post No. 27, American Legion, was a voluntary association of persons doing, among other things, charitable and social service in Colbert county.

From the decree granting relief to the cross-respondent, and ordering the foreclosure of the mortgage, the complainant appeals, and upon the record has made many assignments of error, challenging the propriety of many of the interlocutory orders of the court, as well as the final decree denying relief to complainant, and granting relief to the respondent, the said James R. Crowe Post No. 27, American Legion.

The complainant makes no contention in the testimony presented by him, nor in his bill, that he had paid the indebtedness secured by the mortgage in full. His main contention for a permanent injunction was that the American Legion was a nonresident corporation, and had not complied with the laws of Alabama before engaging in business in the state of Alabama, and therefore it had no right to do business in the state, either directly or through a subsidiary; that it is not a business corporation but is a social club, incorporated solely for the benefit of its members and is not authorized to engage in or conduct the business of a private corporation "or to engage in business enterprises as a private corporation." That the said James R. Crowe Post No. 27, American Legion, is a social club, organized for the advancement of its members, and had not complied with the law as such, and could not take and hold the note and mortgage, nor foreclose the same; that it was not "a legal entity with power or authority to acquire and foreclose the mortgage."

We are in full accord with the court below in finding from the evidence that the said James R. Crowe Post No. 27, American Legion, is at least a voluntary association; that it was such at the time Mrs. Brabson assigned to it the note and mortgage; that the purpose, in part, of its organization was and is, as admitted in brief of counsel for appellant, to do welfare work among World War veterans, as well as many other commendable things.

It is insisted that the said James R. Crowe Post No. 27, American Legion, having no legal existence, was incapable, as an organization, of taking or holding the note and mortgage transferred to it by Mrs. Brabson, and that, therefore, the attempted transfer was void.

In 5 Corpus Juris, § 32, page 1343, the author states the rule as to the power of unincorporated associations to take and hold property as follows: "In the absence of any statute empowering it to do so, an unincorporated association having no legal existence independent of the members who compose it, is ordinarily incapable, as an organization, of taking or holding either real or personal property in its associate name; and a conveyance to an unincorporated associa-

tion ordinarily passes no title. * * * However, the members of a voluntary association may take and hold property jointly as individuals, and accordingly a grant to an association by name, if not impressed with any trust or charitable use, vest in the persons composing the society."

In the case of Charles W. Byam et al. v. Daniel W. Bickford, 140 Mass. 31, 2 N. E. 687, 688, where a deed conveyed certain land to a voluntary unincorporated association by name, which was well known, and all the members of which could be ascertained, and which association was not one of the class authorized by statute to take and hold real estate, it was held that the deed may be construed as a grant to those who are properly described by the title used in the deed; and such persons were held to be tenants in common of the land conveyed. The court in that case observed: "But the South Chelmsford Hall Association was a body well known, all the members of which could be ascertained; and, as it could not take as a corporation, the deed may properly be construed as a grant of the estate to those who were properly described by this title, especially as the grant is to the 'associates,' as a term deemed by the grantors to mean the same as 'association.' The persons associated in the society were thus tenants in common of the land conveyed."

This court in the case of Lavretta v. Holcombe, 98 Ala. 503, 12 So. 789, held that an unchartered association of individuals, styling themselves the "Cosmopolitano Social and Literary Club," could own property, and make claim to it, as well as if they had been incorporated.

We have now statutory provisions with reference to unincorporated associations, and which are embraced in sections 5723–5728, of the Code. By section 5723 it is provided: "An action or suit may be maintained by and in the name of any unincorporated organization.or association." Section 5724 provides: "Actions or suits may be maintained against and in the name of any 'unincorporated organization or association for any cause of action for or upon which the plaintiff therein may maintain such an action against the members of such organization or association." Section 5727 provides: "Where a judgment in such action is rendered in favor of the plaintiff against such organization or association the property of such organization or association shall be liable to the satisfaction of such judgment."

These provisions of the Code clearly recognize that voluntary unincorporated associations may acquire and hold property, real and personal, and may be sued in their association name; and in such name may maintain suits.

■ We are at the conclusion that the assignment by Mrs. Brabson of the note and mortgage to the James R. Crowe Post No. 27, American Legion, if it was only in fact a voluntary, unincorporated association, as the court found it to be, was not void; but vested the equitable interest in the note and mortgage in the respondent, and authorized the respondent to demand payment of the same, and upon failure of the complainant to pay the debt, the mortgage being long past due, the said James R. Crowe Post No. 27, American Legion, was fully authorized to foreclose the mortgage under the power contained therein, inasmuch as the association was entitled to the money secured by the mortgage. Code, § 9010; Harton v. Little, 176 Ala. 267–270, 57 So. 851; McGuire v. Van Pelt, 55 Ala. 344; Buell v. Underwood, 65 Ala. 285; Wildsmith v. Tracy et al., 80 Ala. 258; Ward v. Ward, 108 Ala. 278, 19 So. 354; McMillan v. Craft, 135 Ala. 148, 33 So. 26; Buckheit v. Decatur Co., 140 Ala. 216, 37 So. 75; Johnson v. Beard, 93 Ala. 96, 9 So. 535.

■ The right of an assignee of the mortgage to exercise the power of sale in the mortgage, under our statute, is tested by the right of such assignee to receive the money secured by the mortgage. Wildsmith v. Tracy et al., supra.

Under the evidence, the respondent had that right.

The complainant was not entitled to a perpetual injunction in this case, restraining the foreclosure of the mortgage. The court properly so decreed.

The complainant wholly failed to sustain that feature of his bill charging that the mortgage was tainted with usury. And likewise, the complainant has wholly failed to sustain his charge that a conspiracy existed by and between Mrs. Brabson and the respondent association, or by and between the association and any one else, to defraud the complainant, or to oppress him in any way, or to pervert the power of sale to an instrument of torture or oppression. On the contrary, the evidence shows that Mrs. Brabson had been most patient with the complainant, carrying the indebtedness for eight or nine years after it became due, during which time complainant made only two small payments.

The court, without referring the matter to the register, proceeded to ascertain the amount of the mortgage, and found it to

be $1,918.30. This amount we find from the evidence was correct, and includes no allowance for any attorney's fee. There were, as the court correctly found, only two payments; one of $100, and the other of $200. The date of each payment appears from the evidence.

■ With that feature of the bill which challenged the right of the respondent to receive the assignment of the note and mortgage eliminated, it remains a bill for redemption. Under such a bill, when the full title, legal and equitable, is before the court, and the complainant offers to do equity, a crossbill, while permissible, is unnecessary to authorize the court to decree foreclosure, for the power of a court of equity is adequate, in such cases, to grant full relief by sale of the mortgage premises. This jurisdiction is derived from the offer of the complainant to pay the debt, and the submission by him of the case to the court, which can always compel one to do equity, who invokes equity at his hand. Mooney v. Walter, 69 Ala. 75; Eslava v. Crampton et al., 61 Ala. 507; Haralson v. Whitcomb, 200 Ala. 165, 75 So. 913; Seed v. Brown, 180 Ala. 8, 60 So. 98; Alston v. Morris, 113 Ala. 506, 20 So. 950; Cobb v. Norville, 227 Ala. 621, 151 So. 576. Or, the court, if it sees proper, may fix a future day on which the complainant must pay the mortgage debt, and, in default, declare the bill must stand dismissed at the cost of the complainant. McGuire v. Van Pelt, 55 Ala. 344, 351; Carroll v. Henderson, 191 Ala. 248–251, 68 So. 1. It is obvious, therefore, when the bill is thus dismissed, the mortgagee or the assignee of the same may proceed to foreclose under the power of sale contained in the mortgage.

It appears that the mortgage made an exhibit to the bill was not transferred to the respondent, but that the note evidencing the mortgage indebtedness was transferred and assigned to the association by indorsement on the note in the following words:

"Transferred and assigned for value but without recourse to James R. Crowe Post No. 27, American Legion, this 3rd day of April, 1933.

"Mrs. Susan A. Brabson,
"By Lulu V. Frazier."

The agent's authority to make this transfer was fully shown.

So, then, with this assignment of the note, and its delivery along with the mortgage to the association, there remained in Mrs. Brabson the legal title to the mortgage, and the legal title to the land, subject to be defeated on redemption.

■■ Possibly there is no principle of equity better understood than that a court of equity will not proceed to a decree of foreclosure of a mortgage in the absence of the holder of the legal title. The court should not order the sale of an imperfect title, one under which the purchaser would not acquire the legal title. Mrs. Brabson was, at the time the bill was filed, an indispensable party to the suit, and without her presence no decree of sale could be ordered, as she had the legal title to the property. Langley v. Andrews, Adm'r, 132 Ala. 147, 31 So. 469; Prout v. Hogue, 57 Ala. 28; Bibb v. Hawley, 59 Ala. 403; 1 Jones on Mortgage (3rd Ed.) § 987; Sanders v. Cassady, 86 Ala. 246, 248, 5 So. 503; Flagg v. Florence Discount Co., 228 Ala. 153, 153 So. 177; Pratt City Sav. Bank v. Merchants' Bank & Trust Co., 228 Ala. 251, 153 So. 185 Nor does the cross-bill bring before the court the legal title to the lands.

In decreeing foreclosure, without the legal title before the court, the court fell into error.

It appears from the record that after the cause was submitted for final decree the court of its own motion set aside the submission, and proceeded to examine two witnesses, ore tenus. The testimony of these witnesses was not noted by either complainant or defendant.

■ Rule 75 of Chancery Practice is mandatory, and requires that all testimony upon which the cause is submitted shall be noted by the register, and testimony not so noted shall not be considered as any part of the record, nor be considered by the court. Mullen v. First National Bank of Montgomery, 226 Ala. 305, 146 So. 802; Allison Lumber Co. v. Campbell, 225 Ala. 609, 144 So. 574; Brassell v. Brassell, 205 Ala. 201, 87 So. 347; White v. White, 207 Ala. 533, 93 So. 457; Carson v. Sleigh, 201 Ala. 373, 78 So. 229; Turner v. Turner, 193 Ala. 424, 69 So. 503.

However, wholly independent of the evidence given by the two witnesses, which was not noted, the other evidence in the case, without conflict, supports the holding that the respondent, James R. Crowe Post No. 27, American Legion, is the owner of the said mortgage, and is the transferee of the note secured by the same, and is the equitable owner of the mortgage, and is entitled to payment of the same.

The cause is here from a final decree, and this court is therefore in position to render the decree that the court below should have rendered.

A decree will here be rendered adjudging and decreeing that the respondent, the James R. Crowe Post No. 27, American Legion, is the transferee and assignee of the note secured by said mortgage of J. F. Simpson to Mrs. Susan A. Brabson, that it is the owner of the indebtedness secured by said mortgage, and, therefore, the equitable owner of said mortgage, and that the amount of said mortgage indebtedness is $1,918.30, with interest from November 12, 1934; that the said complainant is not entitled to a perpetual injunction as prayed for in this case, and in these respects the decree of the circuit court is affirmed; that the decree of the circuit court in so far as it ordered a sale of the mortgage property in foreclosure of said mortgage be and it is hereby reversed; that the cross-bill of the respondent, James R. Crowe Post No. 27, American Legion, be dismissed, but without prejudice to the right of the said respondent to foreclose said mortgage, either by original bill in equity, or by sale under the power contained in said mortgage, as herein decreed; that the complainant is entitled to redeem said property as prayed for in his bill, which he may do by paying within thirty days from this date to the said respondent, James R. Crowe Post No. 27, American Legion, or by paying to the register of the circuit court of Colbert county the amount ascertained by this decree to be due thereon, with interest from this date to the date of payment. If said complainant shall fail to pay the said amount in full by said date, with all cost accruing in said court, his bill of complaint shall thereupon stand dismissed; and the said James R. Crowe Post 27, American Legion, may thereupon proceed to foreclose said mortgage, either by bill in equity or under the power contained in said mortgage.

There is no merit in the contention of appellee that the decree is not such a final decree as will support an appeal. Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Dawson v. Birmingham, 216 Ala. 641, 114 So. 221.

The assignment of error based upon the court's order or decree overruling complainant's petition for rehearing is without merit.

Rehearings in equity rest in the sound discretion of the court, whose decision is not reviewable on appeal or by mandamus. Ex parte Upchurch, 215 Ala. 610, 112 So. 202; Ex parte Gresham, 82 Ala. 359, 2 So. 486; Chenault v. Milan, 205 Ala. 310, 87 So. 537;

Hale v. Kinnaird, 200 Ala. 596, 76 So. 954; Cox v. Brown, 198 Ala. 638, 73 So. 964; Commercial Credit Co. v. State ex rel. Stewart, Deputy Solicitor, 224 Ala. 123, 139 So. 271.

The foregoing disposes of all questions of merit presented by the appeal in this case.

The complainant shows no right in his petition for the mandamus prayed for. Waiving all other questions, as unnecessary to be determined, the petition fails to show that the Hon. J. Fred Johnson, Jr., the judge who presided upon the hearing of the cause, was in fact disqualified to hear and determine the same. Mandamus is therefore denied. Appellant is taxed with all cost in the court below, and appellee with the cost accruing on this appeal.

Affirmed in part, and in part reversed and rendered.

GARDNER, THOMAS, and BROWN, JJ., concur.