172 So. 653

Ex parte CHASE NAT. BANK OF NEW YORK.

6 Div. 53.

Supreme Court of Alabama.

Feb. 18, 1937.

Basil A. Wood, of Birmingham, for petitioner.

H. L. Anderton, of Birmingham, for respondent.

GARDNER, Justice.

This petition for mandamus seeks annulment of the order of the respondent circuit judge, bearing date November 2, 1936, setting aside the final decree rendered September 4, 1936, in favor of petitioner against J. H. Williams, as superintendent of banks.

It appears that on September 24, 1936, defendant in the original suit filed with the respondent, the chancellor who rendered the decree on September 4, 1936, an application for rehearing, upon which application respondent made the entry of presentation and fixed the date for the hearing. On September 26, 1936, respondent entered on the application the words: "Passed to Saturday, October 3, 1936, at 10 A. M." On October 10, 1936, when the matter seems to have been finally heard, this petitioner appeared specially and insisted there was a discontinuance, and, further, that the court was without jurisdiction to hear the application as it had never been filed with the register, as contemplated by section 6670, Code 1923.

Petitioner renews this insistence here, placing much reliance upon Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 229 Ala. 91, 155 So. 716, distinguished in Ex parte Phillips, 231 Ala. 364, 165 So. 80. But we pretermit consideration of this question, as well as others here presented, as we consider a preliminary and fundamental question is determinative of the cause. And that question relates to the action of the chancellor in formally denying the application for rehearing by order of October 26, 1936, duly filed in the cause.

The proceedings here disclose that following the argument of the matter on October 10, 1936, the chancellor took the application under advisement, and on October 26th, thereafter, informed counsel for petitioner that in his opinion the application had been discontinued, and that he had dictated an order to that effect, and directed counsel to get the order, which was done, and the same duly filed in the cause. The order so filed is as follows:

"Order In Re: Papers.

"An application for rehearing having been filed in this cause by the respondent subsequent to the rendition of the final decree dated September 4, 1936, and upon an adverse ruling on such application, Chancery Rule specifically states and orders that no order be entered, it is directed that the application for a rehearing, the attempted amendment thereto, and all papers be re-

turned to the custodian of the register of this court.

"This the 26th day of October, 1936.

"Robt. J. Wheeler,

"Circuit Judge, in Equity Sitting.

"Filed in Office Oct. 26, 1936.

"G. H. Boyd, Register."

 In entering such an order the chancellor was but complying with rule 81, Chancery Practice, which provides that if such application be denied no order "must be made on said petition." Johnson v. Johnson, 215 Ala. 434, 111 So. 7. A mere reading of the order suffices to demonstrate that the chancellor had in mind a literal compliance with rule 81, and by this order effectually denied the application for a rehearing.

The application had, therefore, spent its force, and the chancellor in its denial had exhausted the exercise of discretion in which he was vested in such matters. Bearing some analogy is the case of Ex parte Robinson, 72 Ala. 389, where the chancellor at a subsequent term modified a former decree as to taxation of costs. As pointed out in the opinion in the taxation of costs, the chancellor exercises a large discretion. But, the opinion proceeds, "this discretion is exercised and exhausted, when a decree for the payment of costs is embodied in a final decree settling the equities of the case. * * * The discretion has been exercised, and can not be recalled, without rendering it uncertain when there will be a final sentence disposing of them." And mandamus was awarded to vacate the order of modification.

Like reasoning is applicable here. Upon denial of the application for rehearing, the chancellor exhausted his discretion and the matter was at an end. The original final decree remained in force and unaffected. 10 R.C.L. 564, 565; Lockwood v. Bates, 1 Del. Ch. 435, 12 Am.Dec. 121.

In Duffield v. Owen (Tenn.Ch.App.) 42 S.W. 691, the holding was that a denial of an application for rehearing was res adjudicata as to the grounds therein set forth. There is no occasion that we here express full approval of this authority, as that question is not here before us, but its citation serves to illustrate somewhat the character of the ruling on such an application (21 Corpus Juris 721), and to show that either third persons, or the parties themselves had a right to presume upon such an order being filed, that there was a finality to the decree rendered so far as concerned any action of the trial court.

 The application having spent its force, and the chancellor having exhausted his discretion, there was nothing before him for further consideration, when, in November, 1936, long after the expiration of thirty days from the original decree (section 6670, Code, 1923), he entered, without further notice, his order setting aside the final decree in the cause. His jurisdiction for this purpose was at an end. Section 6670, Code, 1923; Ex parte Robinson, supra; Ex parte Adams, 216 Ala. 353, 113 So. 513; Hale v. Kinnaird, 200 Ala. 596, 76 So. 954.

We therefore are constrained to hold the chancellor was without authority to enter the order of November 2, 1936, and that petitioner is entitled to the relief he seeks. Unless upon being advised of this ruling the respondent vacates the said order, as prayed in the petition, the writ of mandamus will issue.

Writ awarded conditionally.

ANDERSON, C. J., and BOULDIN and, FOSTER, JJ., concur.